RAINER *vs.* McELROY.

1. A non-resident, who voluntarily appears in the Court of Probate and contests the validity of a will, may be required to give security for the costs if unsuccessful. ·

2. The Judge of Probate is not entitled to any fee for "certificates of filing bond for costs," nor for "filing depositions, and certificates of filing the same."

3. A sheriff is not entitled to any fee for "entering and returning notices," nor for "entering subpœnas."

ERROR to the Court of Probate of Sumter.

This was a motion by McElroy, as executor of Isaac McElroy, deceased, against the plaintiff in error, for a judgment for costs.

Upon a petition by the executor pending in the Probate Court of Sumter, to admit to probate the will of Isaac McElroy, deceased, it appears from the record, that James Bunyard and Delia, his wife, who were persons residing in the State of Mississippi, appeared and voluntarily made themselves parties contestant, without being specially cited or summoned. The citation and notice was to the heirs and legatees residing in this State, and they at the time resided in Mississippi. They however appeared, and in 'right of Delia Bunyard, the wife, who was the daughter of the deceased and one of the legatees named in the will, voluntarily made themselves parties contestant against the validity of the will. Upon the ground that the said James Bunyard, at the time of the controversy, was a non-resident of this State, he was required by the court to give security for costs, to which he objected, but his objection was overruled, and he gave a bond for the costs with the plaintiff in error as his security. Upon the trial respecting the validity of the will, the issue was found against the contestants, and the will was established and admitted to probate.

It appeared that the costs had not been paid, and upon proof of these facts, the Probate Court granted the motion, and gave judgment against the plaintiff in error for the costs of that proceeding.

Upon the taxation of costs, sundry items were objected to by the plaintiff in error, as not being legal. The following items and charges were excepted to, among the costs taxed in behalf of the Judge of Probate:

1. To issuing three *venires* and empannelling jury...   50
2. To approving bond for costs....................   50
3. To certificates of filing same...................   50
4. To two certificates to affidavits for continuance, 50 cents each...............................:$ 1 00
5. To three certificates to affidavits to take the depositions of witnesses, 50 cents each.............. 1 50
6. To filing two depositions and certificates of filing, 50 cents each ............................ 1 00
7. To thirty witness certificates, 50 cents each...... 15 00

The following items and charges were excepted to, among the costs taxed in behalf of the sheriffs of Sumter and Dallas:

1. To serving thirty-six subpoenas, 50 cents each....$18 00
2. To entering and returning same, 25 cents each.... 9 00
3. To serving two notices, 50 cents each........... 1 00
4. To entering and returning same, 25 cents each....   50
5. To copies of the same, 25 cents each............   50
6. To serving three subpoenas, (Dallas sheriff,) 50 cents each................................ 1 50
7. To entering and returning same, 25 cents each....   75

The giving of judgment on the motion aforesaid, and the taxation of each item of costs aforesaid separately, are assigned for error.

HUNTINGTON, for plaintiff in error.

R. H. SMITH, *contra.*

PHELAN, J.—We have heard no sufficient reason assigned why Bunyard and wife, who are proved to have been non-residents, should not have been required to give security for costs as non-resident ˜plaintiffs. They were actors in the proceeding in the Probate Court to try the validity of the

will of Isaac McElroy, deceased. The statute says: "Every action at common law and suit in chancery, commenced in the name of any person residing out of this State, shall be dismissed, if security be not given," &c., "for the payment of the costs which may be awarded to the defendant," &c. This was doubtless intended to comprehend every judicial controversy to which there were opposing parties, that could lawfully come before the regularly constituted tribunals of the country. The case of Jacott et al. v. Hobson, 11 Ala. 435, is analagous to this. There the suit was the statutory proceeding for a "trial of the right of property." The reasoning of the court in that case will hold good in this; for which see that case.

Let us next take up the costs taxed, to which exceptions were taken, and consider them. All the statutes upon the subject of fees declare, that none shall be taxed except such as are expressly allowed by law. Clay's Dig. 231; Acts of 1850, p. 30. Viewed in the light of these statutes, we consider as good and lawful all those which were allowed to the Judge of Probate by the court below, and to which exceptions were taken as aforesaid, except the two following, viz: "To certificates of filing bond for costs, 50 cents; to filing two depositions, and certificates of filing same, 50 cents each, $1;" and for these we find no sufficient authority.

And we further consider as good and lawful all those which were allowed to the sheriffs, to which exceptions were taken, except those taxed as follows, viz: "To entering and returning two notices, 25 cents each, 50. cents; to copies of two notices, 25 cents each, 50 cents;" and for these we find no sufficient authority. One item or more of the bill of costs to the sheriffs is in these words: "To entering and returning subpœnas, 25 cents each." A fee is properly chargeable for "returning" a subpœna, under the provision for "returning mesne process," but there is no provision that we can find which allows to a sheriff a fee for "entering" a subpœna in terms, or as mesne process generally. The fee for "returning" is 12½ cents, and not 25 cents, and to the extent of one-half therefore, these items are not lawful.

For the error in taxing the costs, in the particulars, and to the extent specified, contrary to the exceptions of the plaintiff

in error, the decision of the court below in the matter of the taxation of the costs is reversed; in all else it is affirmed; and this court proceeding to render such a judgment as the Probate Court should have rendered, directs a judgment to be entered against the plaintiff in error in favor of defendant in error, for the sum adjudged to him by the court below, deducting therefrom the items of costs herein decided not to be lawful.