## Sistrunk, Adm'r, *v.* Ware.

*Bill in Equity to Charge Lands Devised with a Moneyed Legacy.*

1. *When legacy is, in equity, a charge on real estate devised.*—If real estate is devised upon condition to pay a legacy, or with a direction that the devisee pay the legacy in respect to the estate so devised to him, and because the real estate has been devised to him, such real estate is, in equity, chargeable with the payment of the legacy, unless there is something in the will to rebut the legal presumption, or from which it can be inferred that the testator intended to exempt the estate devised from that charge.

2. *In determining whether legacy a charge on real estate devised, intention of testator must govern.*—In determining whether a legacy is a charge on real estate devised, the intention of the testator must govern. The intention to charge may be expressed, or the charge may be created by fair and just implication. Whenever it appears satisfactorily that the devise was given on condition, or on the consideration that the devisee should pay the legacy, the real estate will be charged. But such charge can not be implied, when it appears that the testator intended that the legacy should be paid by the devisee from other gifts made to him, although such gifts from any cause may be insufficient for the payment, or may become insufficient from the fault of the devisee.

3. *Construction of will; legacy under, not a charge on real estate devised.*—A testator, by the second item of his will, devised and bequeathed to his wife, for the term of her natural life, a large tract of land and the personal property thereon, and by the third item of his will he devised and bequeathed to her absolutely his dwelling house and certain personal property. The fourth item of his will is in these words: "It is my will and desire, and I do hereby give and devise all my moneys and choses in action, that I may have at the time of my death unto my said wife, to have and to hold to her, subject to the following conditions, that is to say, if demands which the law requires to be paid come against my estate, to the amount of ten thousand dollars, or less, my said wife shall settle and pay said demands, not exceeding ten thousand dollars, and shall also· pay to my grand-daughter, Kate M., the sum of five thousand dollars,. payable at such time as my said wife may deem proper, without interest.. If, however, more than ten thousand dollars shall come against my said estate, in debts to be paid to creditors, then it is my will that the balance· over and above the sum of ten thousand dollars to be paid, as above, by my said wife shall be borne and paid equally by her and my three chil-- dren, hereinafter named, in equal proportions." And the eighth item of· said will is in these words: "I will and bequeath five thousand dollars: to my grand-daughter, Kate M., which five thousand dollars shall be· paid to her by my said wife, as is above provided in this will." *Held,* that the devises of the real estate to the testator's wife are specific, distinct from, and independent of the bequest to her of the moneys· and. choses in action; that they contain no words of charge, but are uncondi-- tional; and that the real estate devised is not chargeable with the legacy to the grand-daughter.

APPEAL from Montgomery Chancery Court.

18

[Sistrunk, Adm'r, v. Ware.]

Heard before Hon. H. AUSTILL.

The original bill in this cause was filed by Kate W. Sistrunk, formerly Kate Molton Ware, daughter of Robert Y. Ware, and grand-daughter of Robert J. Ware, deceased, a married woman, by her next friend and husband, Walter Sistrunk, against Asenath A. Ware and others, for the purpose of charging certain real estate devised to Asenath A. Ware, by the will of Robert J. Ware, deceased, with the payment of a legacy bequeathed by the will to Mrs. Sistrunk. The will was made an exhibit to the bill. Afterwards Mrs. Sistrunk died, and the appellant, as her administrator, came in and made himself partly complainant, under the rule. The defendants demurred to the bill on the ground, among others, that it was shown by the bill and the will exhibited thereto, that said testator did not charge the devises to Asenath A. Ware with the payment of said legacy. The Chancery Court rendered a decree sustaining the demurrer and dismissing the bill; and that decree is here assigned as error.

D. S. TROY and H. C. TOMPKINS, for appellant.

ARRINGTON & MORRISETTE, WATTS & SONS, and R. M. WILLIAMSON, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—Robert J. Ware died, having made and published his last will, which was subsequently admitted to probate. By the second item of the will, he devises and bequeaths to his wife Asenath A., for the term of her natural life, a plantation containing four or five thousand acres of land, and all the personal property thereon situate. By the third item, he devises and bequeaths to her absolutely his dwelling house, situate in the city of Montgomery, with all the household and kitchen furniture, and household appliances thereunto belonging, or which were there at the time of his death, with the carriage and horses she was then accustomed to use. The fourth item is in these words: "It is my will and desire, and I do hereby give and devise all my moneys and choses in action, that I may have at the time of my death, unto my said wife, Asenath A. Ware, to have and to hold to her, subject to the following conditions, that is to say, if demands which the law requires to be paid, shall come against my estate, to the amount of ten thousand dollars, or less, my said wife shall settle and pay said demands, not exceeding ten thousand dollars, and shall also pay to my grand-daughter, Kate Molton Ware, daughter of Robert Y. Ware, the sum of five thousand dollars, payable

at such time as my said wife may deem proper, without interest. If, however, more than ten thousand dollars shall come against my said estate, in debts to be paid to creditors, that it is my will that the balance over and above the sum of ten thousand dollars to be paid, as above, by my said wife, shall be borne and paid equally by her and my three children, hereinafter named, in equal proportions." The eighth item of the will is in these words: "I will and bequeath five thousand dollars to my grand-daughter, Kate Molton Ware, which five thousand dollars shall be paid to her. by my said wife, as is above provided in this will." Kate Molton having intermarried with the appellant, on the 23d day of November, 1872, Mrs. Ware made her promissory note payable at one day to said Kate M., for the said five thousand dollars, as expressed in the note, "the amount required by the will of R. J. Ware, deceased, to be paid to her by me." It is further expressed that "this note is not to have the effect of discharging any property given to me by said will, from any liability or lien existing by operation of law for the payment of said legacy." The purpose of this bill is to charge the real estate devised to Mrs. Ware with the payment of the said legacy of five thousand dollars, upon averments of her insolvency, and that the personal property bequeathed her has been consumed and otherwise appropriated.

If real estate is devised upon condition to pay a legacy, or with a direction that the devisee pay the legacy in respect to the estate so devised him, and because the real estate has thus been devised, such real estate is in equity chargeable with the payment of the legacy, unless there is something in the will to rebut the legal presumption ; or from which it can be inferred that the testator intended to exempt the estate devised from that charge.—*Harris v. Fly*, 7 Paige 421 ; Willard's Eq. 489. The rule is thus stated: "If legacies be given, and at the same time directed to be paid out of the real property; or where the real estate is given to A., either *in præsenti or in futuro*, he paying out of it certain legacies ; or if the land be charged with such payments ; in each case, the devised estate will be the only fund out of which those sums are to be paid. . The reasons are these: the estate in the one case is expressly encumbered, and in the other, it is intended to be divided between the divisee and legatees. In the last instance, the estate is given upon condition that the devisee make the specific payments. He takes the land *cum onere*, and *non constat* the estate would have been devised to him, unless the testator had conceived that the legacies would have been discharged out of it."—1 Roper, Leg. 670.

In reference to the application of this rule, as in reference to all other questions arising in the construction of wills, the in-

[Sistrunk, Adm'r, v. Ware.]

tention of the testator must govern. The intention to charge the real estate may be expressed, or the charge may be created by fair and just implication. Whenever it appears satisfactorily that the devise was given on condition, or on the consideration that the devisee should pay the legacy, the land will be charged. The charge can not be implied, when it appears that the testator intended the legacy should be paid by the devisee from other gifts made to him, though such gifts from any cause may be insufficient for the payment, or may become insufficient from the fault of the devisee.

The devises of the real estate to Mrs. Ware are specific, distinct from, and independent of the bequest to her of the moneys and choses in action. They contain no words of charge, nor any expression akin to those from which, in decided cases, a charge has been implied. The legacy of five thousand dollars to Kate Molton Ware is introduced into, and connected with the bequest of the moneys and choses in action, and forms part of the directions as to the payments Mrs. Ware is required to make from that bequest. The devises of the real estate are unconditional—the bequest of the moneys and choses in action is upon terms and conditions—the payment of the debts of the testator to the amount of ten thousand dollars, and of the legacy of five thousand dollars to Kate Molton Ware. The testator appoints the fund which is charged with the payment of the legacy, and it is with respect to that fund the devisee is required to pay the legacy, and not with respect to the real estate. If the direction had been that the legacy should be paid because of the real estate devised for life, it would not be insisted, the real estate devised in fee simple was charged with the payment of the legacy.—2 Lomax Ex. 171. The same reasoning which would confine the charge of the legacy to the particular real estate in the case supposed, confines it, under the terms of this will, to the gift of the moneys and choses in action. By the acceptance of the gift of the moneys and choses in action, Mrs. Ware may have become personally liable for the payment of the legacy. To fasten upon her such liability, is not a purpose of the bill as now framed; and it is apparent that question was not presented to the chancellor.

We find no error in the record, and the decree must be affirmed.