(85 South. 447)

## SORRELL v. O'BRIEN.   (5 Div. 736.)

(Supreme Court of Alabama.   Feb. 12, 1920.
On Rehearing, June 3, 1920.)

**1. Wills ⬤➡820(1)—Direction to maintain legatees held not a charge upon land.**

A legacy in the form of a direction to executrix to support and maintain legatees out of the estate will not constitute a charge on the lands, unless the intention so to charge is manifested by expressed words or fair implication.

**2. Wills ⬤➡820(1)—Charge upon lands not implied where special fund is provided.**

A charge upon lands generally will not be implied where a special fund is provided notwithstanding the special fund may be found insufficient for testator's purpose.

**3. Wills ⬤➡821(4)—Direction to support specified legatees held not a charge on land.**

Where testator directed executrix to maintain and support his sisters out of the estate and authorized her to demand such reasonable rent for the use of the property devised to his children as might be necessary to provide for the support of the sisters, the legacy to the sisters did not constitute a charge on land devised to testator's wife for life with remainder to the chidren, but only on the land devised in fee to the children, ·notwithstanding that wife as executrix was authorized to sell the land so devised to her.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bill by Julia S. O'Brien against G. J. Sorrell, as guardian, etc., of the heirs of William B. O'Brien, deceased, for a lien upon lands to her support and maintenance. From a decree overruling demurrer to the bill, the guardian appeals. Reversed and remanded.

Appellee filed the bill in this cause seeking to fasten a lien on certain lands for her support and maintenance, claiming that such was her right under the will of William B. O'Brien, deceased. The lands in question passed by the will to Anna E. O'Brien, testator's widow, with remainder to their children. Anna E. O'Brien is now dead, and her descendants are made parties defendant to the bill. This appeal is from a decree overruling a demurrer to the bill. Parts of the will of William B. O'Brien supposed to be pertinent to the question raised are as follows:

"First. I give and devise to my two sons William D. O'Brien and Thomas B. O'Brien and their children an undivided one-half interest each in fourteen hundred (1,400) acres of land, described as follows," describing lands other than those upon which the bill sought a lien.

"Second. I give and devise to my beloved daughter Bessie Kate Greer, wife of Robert P. Greer and her children, the old home place where she now lives, being 544 acres of land, more or less, described as follows," describing also lands other than those upon which the bill sought a lien.

"Third. I will and bequeath to my beloved wife Anna E. O'Brien, all the real estate except that above disposed of, personal property, moneys except my life insurance directions for the disposal of which is hereinafter contained, and choses in action. The lands devised and bequeathed to her being known as the River place consisting of 657 acres, the Oak Ridge and Madden place containing 230 acres, also the southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter of sec. 21, T. 22, R. 23.   Also my home place in the town of Dadeville, including all land adjoining the same, and all property not hereinbefore or hereinafter disposed of that I may die seized and possessed of—for and during her natural life, and at her death, the same, or the proceeds thereof, or so much as may be undisposed of as hereinafter provided and authorized, shall revert to and become the property of my three children above named, to wit, William D. Thomas B. O'Brien and Bessie Kate Greer; and in the event that any of them should die before the termination of such life estate, then to the descendants of such as may be dead, the descendants of each taking only the share to which their ancestors would have been entitled if living.

"Fourth. It is my will and desire that my three sisters, to wit, Mary A. O'Brien, Julia S. O'Brien and Emily Sanford, as their circumstances may require it, have a home and ample means of support and maintenance out of my estate, and to this end my beloved wife Anna E. O'Brien, hereinafter named and appointed as my executrix under this will, is hereby requested and directed to make such provisions and devote such proceeds of my estate as may be necessary to support and maintain my said sisters or such of them as may need it, and it is my will and desire that my sisters above named or so many of them as may desire to do so, shall remain with my beloved with [wife] as one family so long as may seem practicable after my decease, upon like terms as they have so remained during my lifetime.

"Fifth. I hereby constitute and appoint my said wife Anna E. O'Brien executrix of this will and as such I invest her with full power and authority, to bargain, sell and convey, any of the real estate, personal property and choses in action embraced in the third item herein, and the purchaser or purchasers thereof, shall acquire a title as good and sufficient as if conveyed by me in person, and I will and direct that my said executrix may re-invest or expend the proceeds of any such sale or sales in any way that would in her judgment, best promote the interests and welfare of my family.   I also authorize my executrix to sue for, collect, compromise and receipt for all debts and liabilities that may be due my estate, in such manner and upon such terms as she may deem advisable; and in general to do and perform all acts and deeds in and about the management of my estate, as fully and completely as if done by me in person or by direction of any court

having jurisdiction in the premises. In order to fully carry out the provisions of the fourth item of this will for the support of my said sisters or such of them as may need the same, also the provisions of this will as to the payment of all debts due by me at my death, I hereby authorize and empower my said executrix during her life or widowhood, to demand of and receive from my said three children or their descendants in case any of said children should die, such reasonable rent for the use of the property herein bequeathed to said children, as may be necessary to fully and completely carry out said provisions of this will."

George A. Sorrell, of Alexander City, for appellant.

Pecuniary legacies are not a charge on land, unless the intention to charge is manifest from expressions, or by fair implication. 65 Ala. 1; 82 Ala. 402, 8 South. 261, 60 Am. Rep. 743; 127 Ala. 549, 28 South. 964; 199 Ala. 67, 74 South. 37. See, also, 69 Ala. 275; 65 Ala. 10; 40 Cyc. 2011.

D. W. Crawford, of Dadeville, for appellee.

A trust will not fail for want of a trustee. 142 Ala. 163, 37 South. 929; 167 Ala. 627, 52 South. 746; 39 Cyc. 277; 2 Alexander on Wills, 1656. The legacy was a charge on the land of the testator. 199 Ala. 67, 74 South. 37; 127 Ala. 549, 28 South. 964; 40 Cyc. 1779. The legacy was a valid one, enforceable in equity. 20 Ala. 491; 65 Ala. 321; 38 Ala. 695; 92 Ala. 537, 9 South. 195.

SAYRE, J. (after stating the facts as above). The parties are agreed that the concluding clause of the fifth paragraph of the will by which power was vested in testator's widow and executrix, in order to carry out the provisions for the support and maintenance of complainant, appellee, to demand and receive of testator's children or their descendants such reasonable rent for the use of the property devised to them as may be necessary for that purpose. The parties are agreed that this clause fastened a charge upon the lands devised to the children. Appellant construes the power contained in the fifth paragraph as affecting only the lands devised in fee to testator's children, and this as being the exclusive provision for his sisters; appellee, on the other hand, conceding that the fifth paragraph does fix a charge on the lands devised in fee to testator's children, construes the provision, not as exclusive, but as additional to that made by the fourth paragraph, which latter, she contends, should be construed as a provision for herself (the other sisters of testator having departed this life), fastening a lien upon all the property of testator's estate, and it was in pursuance of this theory that appellee filed her bill to charge her support and maintenance specifically upon lands devised to testator's widow for life with remainder to their children,

averring a necessity for such decree for that she was wholly without means and all the personal property left by testator had been disposed of and otherwise appropriated.

[1, 2] There can be no doubt that the fourth paragraph of the will, set out above, created a trust for the benefit of appellee along with the other then living sisters of testator, and by it also testator's widow as executrix is "requested and directed to make such provisions and devote such proceeds of my estate as may be necessary to support and maintain my sisters or such of them as may need it." But it is clear also on the language of the last clause of the fifth paragraph that testator, "in order to fully carry out the provisions of the fourth paragraph," intended specifically that his executrix should demand and receive from his children or their descendants "such reasonable rents for the use of the property herein bequeathed [therein devised] to said children as may be necessary to fully carry out said provisions of this will." A legacy of the character disclosed by the general direction first above quoted will not constitute a charge upon lands, unless the intention so to charge is manifested by express words or fair implication. Taylor v. Harwell, 65 Ala. 1. A charge upon lands generally will not be implied where a special fund is provided, notwithstanding the special fund may be found insufficient for testator's purpose. Sistrunk v. Ware, 69 Ala. 275. These authorities and the principles on which they are founded afford sufficient reason for denying appellee's contention.

[3] The power of sale vested in testator's executrix by the first clause of the fifth item of his will does not operate to change in any wise the provision made for his sisters. It did not convert the lands devised to the widow into personalty thereby bringing them under the influence of the fourth item. That power affected lands devised to the widow and its effect was to authorize her to dispose of the fee in them for her own purposes and at her discretion. There is no semblance of a direction that these lands be sold for the support of testator's sisters. Nor do we apprehend that our holding that the fifth item of the will provided the sole means of support for the sisters (outside of the personal estate left by testator) destroys the mandatory provisions for their support; it simply construes that provision according to the rule of the authorities—a rule formulated with the design to give effect in every case to the testator's intention as expressed in the written evidence of his last will and testament.

Appellant's demurrer to the bill should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

On Rehearing.

Rehearing denied. .

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur in the opinion.

McCLELLAN and BROWN, JJ., concur in the conclusion.

THOMAS, J., not sitting.

McCLELLAN, J. (concurring). This is the second appeal involving the construction of the will of William B. O'Brien, deceased (Knight v. O'Brien, 202 Ala. 440, 80 South. 824); the question then considered being the quality of estate the two sons of the testator took in the property described in item 1 of the will. It was decided that they took an absolute fee. In determining the inquiry then presented, the whole will was considered, and among other features the provisions quoted in that opinion from the fifth item; and in definition of its effect it was declared, upon the apt authority of McRee v. Means, 34 Ala. 349, 377, that the exaction, in the then quoted provision, of such reasonable rent as might be necessary to fully and completely carry into effect the provisions of the will, imposed only a personal charge. In the application for rehearing in this cause it is stated that the provision above referred to, in item 5, "would by its own terms be destroyed by the death or marriage of the widow," thus necessarily affirming that no charge upon the land devised to the two sons was intended or effected by the testator. If, as has been held, the provisions of item 5 for a reasonable rent did not operate to impose a charge upon the land devised to the two sons, it seems quite clear to me that a charge upon other real estate was not imposed by other provisions of the will of Mr. O'Brien.

Furthermore, a consideration of the whole will convinces me that the testator intended to repose in his widow a personal trust, based upon personal confidence in her judgment, to provide for the support of his sisters during the life of his widow; and, hence, did not, in any sense, impose upon the real estate a charge to provide the means necessary to accomplish his purpose with respect to the maintenance and support of his three sisters. Therefore, when Anna E. O'Brien died, the power created and the trust designed in the will terminated.

For these reasons I concur in the reversal entered.

BROWN, J., concurs in the foregoing.