117 So.2d 386

Moses M. SELLERS

v.

Mattie Ruth SELLERS et al.

3 Div. 861.

Supreme Court of Alabama.

Jan. 14, 1960.

Martin & Blakey and J. Paul Lowery, Montgomery, for appellant.

Richard P. Emmet, Montgomery, guardian ad litem, for appellees.

SIMPSON, Justice.

Appellant filed a bill to quiet title in rem pursuant to Tit. 7, §§ 1116, 1132, Code of Alabama, 1940. The bill averred that appellant acquired fee-simple title to the land involved by virtue of a purchase from Lillian Sharpe Sellers, a widow, Cleveland M. Sellers and wife, William Walter Sellers, II and wife. The purchase was from the

foregoing persons individually and as heirs of Anderson C. Sellers, deceased. All appellees were minors represented by a guardian ad litem appointed by the court. Evidence was heard by the trial court and a final decree entered denying the relief sought. From this decree the appellant brings this appeal.

The following facts are sufficient for an understanding of the case and were not disputed:

Anderson C. Sellers died in October, 1951. He died possessed of a parcel of real property located in Sellers, Alabama, the subject of this suit. He was survived by his wife, Lillian S. Sellers, and three sons, Cleveland M. Sellers, William W. Sellers, and Moses M. Sellers, the appellant. Anderson C. Sellers left a holographic will which in its entirety reads:

> · "Sellers, Ala.
> "May 28, 1951.
> "To Whom It May Concern.
>
> "This is my will and request. After I am gone, what little property I may leave shall be divided equally with my family, ¼ to my wife, Lillian S. Sellers, ¼ to Cleveland M. Sellers and family, ¼ to William W. Sellers and family, ¼ to Moses M. Sellers and family. As to the power of attorney in fact, for the handling of cash in bank, stock investments and other requirements, my family may appoint one in my family or whom they deem best to check out for the ¼ division for the family above mention.
> "Witness my hand and sealed this the 28th day of May, 1951.
>
> "Anderson C. Sellers      L.S.
> "Witness
> "Bobby Dean
> "Shelby Hataway"

Subsequent to his death the will of Anderson C. Sellers was probated. Thereafter Moses M. Sellers, appellant, acquired warranty deeds from his mother, Lillian S. Sellers, and his two brothers, both of whose wives joined, covering their respective interests in the property devised in Anderson C. Sellers' will.

Appellees are the minor children of Cleveland M. Sellers, William W. Sellers, and Moses M. Sellers, being the grandchildren of Anderson C. Sellers, deceased.

No evidence was offered at the hearing of the cause as to which, if any, of said children of Cleveland M. Sellers, William W. Sellers, or Moses M. Sellers were in esse at the death of Anderson C. Sellers.

Appellant sought a decree from the trial court finding that he held a fee-simple title to the property involved by virtue of the devise to him under the will of his father and the warranty deeds acquired subsequent to his father's death from the other devisees under the will. The trial court denied the relief prayed.

The question presented is whether the minor children of the named devisees in the will of Anderson C. Sellers, deceased, acquired thereby an interest in the property devised.

■ The cases are legion to the effect that the intention of the testator as expressed in the will must prevail if consistent with rules of law. Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Meglemry v. Meglemry, 222 Ala. 229, 131 So. 906; First National Bank of Mobile v. Hartwell, 232 Ala. 413, 168 So. 446; Reid v. Armistead, 228 Ala. 75, 151 So. 874; Watters v. First National Bank, 233 Ala. 227, 171 So. 280; George v. Widemire, 242 Ala. 579, 7 So.2d 269.

■ It is likewise well settled that where a will was written by the testator, who was not a lawyer or skilled in such matters, greater latitude should be allowed in determining his intention than if it had been

drawn by an experienced hand. George v. Widemire, supra.

■ In an attempt to arrive at the intention of the testator in construing wills, it is pertinent to consider the language of the will in its entirety in connection with existing circumstances known to the testator at the time of drafting it. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792. To that end evidence of the testator's relevant declarations at or about the time of the execution of the will is admissible. Smith v. Nelson, 249 Ala. 51, 29 So.2d 335.

■ Both appellant and appellee cite Wilde's case, 6 Coke 16 B, 77 Eng. Reprint 277, 10 Eng.Rul.Case. 773 (1599). The rules of construction announced in that case have been adopted in Alabama. Nimmo v. Stewart, 21 Ala. 682; Vanzant v. Morris, 25 Ala. 285. They are, however, simply rules of construction and where the intention of the testator is found to be otherwise, they will give way to that intention. Wilde's case lists the following two rules of construction:

1. If A. devises his lands to B. and to his children or issue, and B. hath not any issue at the time of the devise, that the same is an estate tail.

2. If A. devises his lands to B. and to his children or issue, and B. hath issue at the time of the devise, B. and his then present issue shall take as cotenants.

In the present case the testator devised his property "¼ to my wife Lillian S. Sellers, ¼ to Cleveland M. Sellers *and family*, ¼ to William W. Sellers *and family*, ¼ to Moses M. Sellers *and family*." (Emphasis added.)

■ We think it manifest from a reading of the will as a whole and from the testimony of the witness Hataway to the effect that the testator expressed a desire that his property go to his sons and his widow equally, that the use of the words "and family" following the named sons was not intended by the testator to confer any present interest in his property to his grandchildren. The witness Hataway, who was a subscribing witness to the will of the decedent, testified that the testator at the time of the execution of his will indicated that he was leaving his property to his widow and three sons and that it was his wish that one of them would run the store (the property in question) for the sake of the family name. In this connection Hataway testified:

"And then after his death if any particular one of them wanted to own the building, he wished they would come and his intention was if Mack wanted to sell to Moses and they could get together on the price and all of them agree and Moses wanted to buy, or Mack wanted to buy, or Miss Lillian wanted to buy, any of them, why, others was supposed to sell to him. Now, that was his full intent."

This witness further testified in answer to questions put to him by the court, that the testator never mentioned his grandchildren at any time, but rather that he (testator) "mentioned that he was leaving it to those four parties" (his wife and three sons).

■ In interpreting doubtful or ambiguous expressions in a will, courts will consider the condition of testator's family and estate to ascertain testator's intention. Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92. "A testator's intention may be gathered from will itself and from circumstances which surrounded testator when will was made, including the situation and condition of his estate, his relations with his family and beneficiaries, and their situation and condition". McGehee v. Smith, 248 Ala. 174, 26 So.2d 861; Adams v. Jeffcoat, 252 Ala. 501, 41 So.2d 183.

We think to apply the rules announced in Wilde's case, supra, to this case would be to impute an effect that the testator never intended; an intent that would immediately contradict the equality with

**178**

which the testator purposed to bestow his bounty on his widow and three sons. As this court said in Knight v. O'Brien, 202 Ala. 440, 80 So. 824, 825, where the language giving rise to the dispute was "I give and devise to my two sons, William D. O'Brien and Thomas B. O'Brien *and their children*" to give effect to the italicized words would violate the intention of the testator as gleaned from the instrument as a whole and from the circumstances of his family at the time of the execution of the will. "Unmistakably the testator regarded with equal favor the natural claims of his two named sons to his bounty. This equality, as between the sons, he expressed positively in the provision for an 'undivided one-half interest each' in the lands devised." 202 Ala. 441, 80 So. 825.

Under the facts of this case, particularly the fact that the testator, a layman, wrote his own will and was not skilled in such matters, it is our view that the words "and family" following the named sons were used by the testator as words of limitation and not of purchase. The learned trial court accepted a different construction, which perforce we must declare erroneous.

The guardian ad litem who represents the appellees has filed his motion in this court stating that no fee had been set for his services in this cause, including his services in the trial court, and praying that the same be taxed as a part of the costs of this proceeding. The motion is well taken.

The decree is reversed and the cause remanded with directions that the trial court ascertain a reasonable solicitor's fee for the guardian ad litem in both courts and tax the same as a part of the costs of the proceedings.

Let the appellant pay all the costs in both courts.

Reversed and remanded with directions.

All the Justices concur except COLEMAN, J., who dissents.