J. Paul Whitehurst ("the GAL") was appointed guardian ad litem for Joseph William Field, the minor child of Elizabeth Rowland Baker, deceased. The GAL unsuccessfully contested the decedent's will. He then claimed attorney fees and costs for acting as guardian ad litem, and the trial court ordered the estate to pay the GAL's fees and costs. Wilburn Michael Baker, the executor of the decedent's estate ("Baker"), petitioned the court for authority to satisfy the award to the GAL by the sale of certain specific assets of the estate. The trial court granted the petition. Because the assets to be sold were the subject of a specific bequest to Field, the GAL appealed, contending that Baker, as the executor, lacked authority to satisfy his claim for fees and costs from assets other than the residuary of the estate. Baker cross-appealed, contending that Ala. Code 1975, § 43-8-196, does not permit attorney fees and costs for a will contest to be taxed against the estate when the contest has been unsuccessful.
Because the issues presented by these appeals concern only questions of law involving statutory construction, the standard of review is de novo. See Taylor v. Cox, 710 So.2d 406
(Ala. 1998). We address first the threshold question in Baker's cross-appeal concerning whether the trial court has the authority to tax the GAL's fees and costs against the estate.
Rule 17(d), Ala. R. Civ. P., states that when a "guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for services rendered." Rule 17(d) further states that the guardian ad litem's fee is "taxed as part of the costs in such action." The GAL argues that general policy in Alabama requires "the fees for the guardian ad litem be paid by the prevailing party as a necessary cost in bringing the case." (GAL's reply brief at 18.) He claims that if the guardian ad litem's fee is not taxed against the estate, the guardian ad litem would go unpaid.
The GAL relies upon several Alabama cases for the proposition that a trial court may require the estate to pay the fees and expenses in an unsuccessful will contest brought by a guardian ad litem. In Sellers v. Sellers, 270 Ala. 173,117 So.2d 386 (1960), this Court held that in an action brought by three minors to quiet title to *Page 71 
land, the guardian ad litem was entitled to his fee, even though he was unsuccessful in the action. In Alabama FarmBureau Mutual Casualty Insurance Co. v. Mills,271 Ala. 192, 123 So.2d 138 (1960), this Court held that in a declaratory-judgment action against a minor to determine coverage under an insurance policy, the guardian ad litem was entitled to his fee, even though he was unsuccessful in his representation. In Webb v. Webb, 250 Ala. 194, 211,33 So.2d 909, 923 (1948), this Court held that, in the contest of a final settlement of an estate brought by the successor executor against the administratrix of the estate of the original executor, an amount was due to the "estate after allowing [the administratrix] credit for executor's fees, counsel and guardian ad litem fees." In Bradley v. Andress, 30 Ala. 80, 83
(1857), this Court held that when an "administrator contests] in good faith, he is entitled to reimbursement out of the estate."
The foregoing cases are all distinguishable from the present case. None of them deal with the payment of fees and expenses after an unsuccessful will contest initiated by a guardian ad litem. Although Sellers and Mills dealt with the payment of the fees and expenses of an unsuccessful guardian ad litem, neither concerned a will contest. Webb, on the other hand, addressed the payment of the fees and expenses for an executor contesting a final settlement of an estate, and it dealt with the unique circumstance of collecting those fees and expenses from the estate of the original executor. The facts of these cases are entirely different from the facts here.
Of all the foregoing cases, only Bradley addressed the payment of attorney fees and costs following a will contest. However, in Bradley, the costs of the will contest were properly taxed against a prior administrator of that will after he brought an unsuccessful will contest, and the Court addressed the distinct issue of reimbursing the prior administrator out of the estate when the contest was brought in good faith. The GAL was at no time an administrator of the estate. Instead, he served as the guardian ad litem to a beneficiary of the estate.
Section 43-8-196, Ala. Code 1975, provides: "The costs of any [will] contest under the provision of this article must bepaid by the party contesting if he fails." (Emphasis added.) We are bound to give the language in § 43-8-196 its plain meaning, giving effect to the apparent intent of the legislature. Ex parte T.B., 698 So.2d 127, 130
(Ala. 1997) ("When the language of a statute is plain and unambiguous, . . . courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."). The plain and ordinary meaning of the words "must be paid by the party contesting if he fails" does not countenance any exception for payment of fees and expenses for guardians ad litem, as the GAL would have us recognize. To the contrary, the plain meaning of § 43-8-196 "requires that the contestant, in order to receive costs, including attorney fees, not fail in the contest of the will." Hart v. Jackson,607 So.2d 161, 164 (Ala. 1992).
The GAL also cites Bleidt v. Kantor, 412 So.2d 769,771 (Ala. 1982), to support the proposition that § 43-8-196
has been construed to apply only when the will contest was frivolous. Because his will contest was not frivolous, the GAL contends, he should not be required to pay his own expenses; instead, the estate should be taxed with his fee and expenses. In Bleidt, the Court stated:
 "[T]his Court construed § 59 (now § 43-8-[196]) as authorizing attorneys' fees *Page 72 
against the contestant who fails only when the contest is without merit. That is, if there is some credible evidence offered by the contestant in support of the theory of the contest, the contestant is not to be charged with paying the attorneys' fees of the proponent."
412 So.2d at 771 (emphasis added). In other words, under §43-8-196, a party contesting a will may be charged with the attorney fees of the proponent of the will only if the contest is without merit. In the present case, Baker is not seeking to charge the GAL with the attorney fees and expenses accrued by the estate in defending the will contest. Instead, Baker seeks only to compel the GAL to pay his own expenses as the losing party, under § 43-8-196.
The plain meaning of § 43-8-196 does not permit the estate to be charged with attorney fees and costs incurred by an unsuccessful contestant. The GAL's concerns about the inequitable results flowing from such a rule should be addressed by the legislature. Our disposition of this threshold issue in Baker's cross-appeal adversely to the GAL makes it unnecessary for us to consider the subsidiary issue in the GAL's appeal concerning the sale of specific assets of the estate to pay the GAL's claim.
The trial court erred as a matter of law in taxing the GAL's fee and costs against the estate. We therefore reverse its judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.