146 So. 885

**MAZER et al. v. CITY NAT. BANK OF TUSCALOOSA.**

**6 Div. 386.**

Court of Appeals of Alabama.
March 21, 1933.

H. L. Findley, of Tuscaloosa, for appellants.

C. H. Penick and J. W. Mustin, Jr., both of Tuscaloosa, for appellee.

SAMFORD, Judge.

The Leland-McGee Hardware Company was in financial difficulties, and by instrument in writing, including general power of attorney, conveyed and turned over the assets of the company, for the benefit of its creditors, to A. C. Cade, Gordon D. Palmer, and J. F. Watson. Included in this assignment were the book accounts of the hardware company. The assets of the Leland-McGee Hardware Company were by the assignees acting under the written assignment, and the officers of the hardware company, sold and conveyed to these plaintiffs. This sale included the book accounts, and among these book accounts appeared one against M. L. Waddell, aggregating the amount sued for in this action.

At the time of the sale above noted, M. L. Waddell was dead, and the City National Bank of Tuscaloosa was duly qualified as executor of the last will of Waddell.

Prior to his death, Waddell had become indorser on a note signed by Leland-McGee Hardware Company, in the sum of $2,000, and payable to the City National Bank, of which bank Gordon D. Palmer was vice president and trust officer in charge of estates for which it acted as executor or administrator. One of these estates was that of Waddell.

The account appearing on the books of the hardware company against Waddell was duly filed with the City National Bank as executor. The note for $2,000 was also filed. On August 1, 1931, the executor of Waddell's estate paid the $2,000 due on the note, and the note was by the bank transferred to the Waddell estate, and to that extent the Waddell estate became a creditor of the Leland-McGee Hardware Company and participated in the assignment of the hardware company.

On August 1, 1931, the $2,000 note was credited with the amount appearing on the books of the hardware company against Waddell, and Palmer, acting for the bank, as executor, notified McGee, who was keeping the accounts of the hardware company, "of the credit so that he could make the proper entry." No entry of the transaction was made by McGee, and, at the time of the purchase of the book accounts by these plaintiffs, the account of Waddell appeared to be open and unpaid.

There was evidence tending to prove, though this was denied, that plaintiffs had notice before the trade for the assets of the hardware company was closed and before the purchase price had been paid, the exact status of the account of Waddell and the fact that Waddell held a claim for the $2,000 note.

There are two major questions involved in this appeal: (1) Is the defendant, as executor of the estate of Waddell, deceased, estopped from setting off a part of the $2,000 note against the account appearing on the books of the hardware company against Waddell, by reason of the fact that Palmer, its vice president and trust officer, acted as a member of a creditors' liquidating committee in selling the book accounts of the hardware company to plaintiffs? (2) Did the trial court err in holding that plaintiffs had notice of the true status at the time of purchase or before they paid the purchase money?

Answering 1: It is perfectly clear that, if plaintiffs were not informed of the true state of the account of Waddell, they have been misled to their prejudice and have a right of redress against some one. But is it against the estate of Waddell? All of the evidence shows, both by testimony ore tenus and by the writings in evidence, that, when Palmer was dealing with plaintiff, he was not acting for the bank as executor of the estate of Waddell. The assignment names Palmer, as an individual, as one of the "Committee representing creditors." It refers to the committee as agents of the hardware company, and the conveyance to plaintiffs is signed by Palmer as agent and attorney in fact for the hardware company, which company executed the conveyance in its name and by its officers. Nowhere does it appear that in any of these transactions Palmer acted for the Waddell estate, except when he paid the note of the hardware company to the bank, transferred the note to the Waddell estate, and credited it with the hardware company account as he had a right to do and ought to have done.

In 21 Corpus Juris, p. 1184 (187), it is laid down as a rule of general application that: "An act done in a representative capacity will not estop one in his individual capacity and vice versa." Again in 23 Corpus Juris, p. 1178 (397), the rule is stated to be that, when an executor or administrator acts merely as an individual, such acts cannot operate as an estoppel against him in his representative capacity. The above statement of the law is sustained in Arlington St. Bank, etc., v. Paulsen et al., 59 Neb. 94, 80 N. W. 263; Magee, Adm'r, v. Gregg, 11 Smedes & M. (Miss.) 70–77; Jackson v. McCalla, 133 Ga. 749, 66 S. E. 918; Morton v. Preston, 18 Mich. 60–69, 100 Am. Dec. 146.

Whatever may be plaintiffs' rights under the facts, they cannot recover from the City National Bank as executor of the will of Waddell.

Answering 2: If, at the time the trade was made or before it was consummated by the payment of the purchase price, the plaintiff was informed that the Leland-McGee Hardware Company owed the $2,000 note to the Waddell estate, of course there could be no estoppel. This was a question of fact passed upon by the trial judge, and, under the rule governing in such cases, we do not

feel that the judgment should be disturbed. Cobb v. Malone, 92 Ala. 630, 9 So. 73S.

We find no error in the record, and the judgment is affirmed.

Affirmed.