49 So.2d 564

**BROWN v. OLSSON et al.**

1 Div. 418.

Supreme Court of Alabama.
Dec. 14, 1950.

M. Johnston and C. A. L. Johnstone, Jr., all of Mobile, for appellant.

Caffey, Gallalee & Caffey, of Mobile, for appellees.

Johnston, McCall & Johnston, McCorvey, Turner, Rogers, Johnstone & Adams, Sam

SIMPSON, Justice.

Bill in equity by appellant, Leo M. Brown, as a preferred creditor of the estate of Louis M. Nelson, deceased, on behalf of himself and other creditors as a class, to impound a certain fund in the hands of the register of the court, alleged to be personal assets of the estate, to prevent an impending distribution thereof to the heirs of the decedent in disregard of the rights of himself and other creditors, the executrix of the estate having failed to take any steps to that end or to enforce the rights of the estate, in spite of efforts of the appellant to induce her to do so. The bill shows that if this fund is allowed to be so distributed without first providing for the payment of debts, costs and expenses of administration, the said debts and costs will remain unpaid, to the detriment of appellant and the other creditors, in violation of the statutes in such cases made and provided.

The appeal is from a decree sustaining the demurrer and dismissing the bill.

There can be no doubt of the general equity of the bill. The court in which the bill was filed and in which the administration of the estate is pending had already adjudicated the right of the appellant to an attorney's fee against the trust estate and the amount to be paid and the court, on the allegations made, would have the authority to order that debt, along with the other debts, paid from the personal assets of the estate.

As was observed in Wilkinson v. McCall, 247 Ala. 225, 229-230, 23 So.2d 577, 580: "* * * It is true that usually the executor employs counsel in his personal, not his representative capacity, and then on paying him, asks for reimbursement from the trust. Taylor et al. v. Crook Adm'r et al., 136 Ala. 354, 34 So. 905, 96 Am.St.Rep. 26; 21 Am.Jur. 503. But there appears no good reason why the court, wherein the estate is being administered, may not make the allowance directly to the attorney from the estate when the services are for the common benefit of the parties interested in the estate. Section 63, Title 46, Code of 1940; Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60; Bidwell v. Johnson et al., 191 Ala. 195, 67 So. 985; 21 Am.Jur. 503. * * *"

Indeed, the attorneys' fees awarded by the court for representing the trust—as here alleged—are recognized as a part of the costs of the administration and are collectible as other costs in the proceedings. Code 1940, Title 46, § 63.

So also to the end sought, the court would be empowered, as a court of equity, to intercept the funds in the registry of the court and forestall improper distribution in violation of the rights of creditors. The administrator or executor of an estate is a trustee and the administration of the estate is one of a trust. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. And if by the alleged preconcert of the heirs and the failure or neglect of the personal representative to act to protect

698

the creditors of the estate, the personal assets are being thereby diverted to the heirs, or there is immediate danger of such diversion, equity has the power and right to intervene to prevent it and to conserve them for proper and due administration through the legal channels set up by the statute. Gilchrist v. Gilchrist, 223 Ala. 562, 137 So. 406.

The correctness of these general principles cannot be seriously doubted. But there are two questions presented by the several grounds of demurrer which are cogently argued. They are (1) that the matters are now res adjudicata by reason of the previous decrees in Olsson v. Nelson, 248 Ala. 441, 28 So.2d 186, and Brown v. Olsson, 252 Ala. 670, 42 So.2d 619; and (2) that the appellant is precluded of relief by estoppel in pais. We cannot agree with either contention and believe a brief reference to certain well-settled principles, in connection with the record, will suffice to show the bill to be well filed and not subject to the stated challenges.

It should be first observed that the pertinent parts of the previous proceedings and decrees are fully set out in the pleadings so that the trial court and this court may take judicial knowledge of them and thereby make them subject to consideration on demurrer to the bill. Cogburn v. Callier, 213 Ala. 38(6), 104 So. 328; Crossland v. First National Bank, 233 Ala. 432, 172 So. 255; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

Coming then to the question of whether res adjudicata bars relief, we might observe its solution is rendered somewhat difficult because of the interpretation put upon the two previous opinions and decrees of this court by the appellees, and it will be necessary to burden this opinion with some reference to these two former cases.

The controversy principally revolves around the right of appellant, who was the attorney for the executrix of the estate of Louis M. Nelson, and who undertook the probate of the will and otherwise performed services in the administration of the estate, to have $2529.04, now in the registry of the court, conserved to be first subjected to the payment of the costs and expenses of administration, including his own law fee awarded him by the court, and to the payment of other alleged debts, before distribution of the said amount to the heirs of the decedent, under the decree of this court in the first case, supra.

The facts involved in the first case, as pertinent, are: Louis M. Nelson died testate, devising and bequeathing to his widow all his property of every kind, naming her as executrix of his will without bond. His heirs were three sisters, Theresa Olsson, Etta Schmidling, and Bernadine Anderson, and two brothers, Charles Nelson and James Edward Nelson, appellees here, but appellants in the first case. Prior to the probate of the will, Mrs. Nelson, individually, entered into a tripartite agreement with Theresa Olsson and Bernadine Anderson (referred to in the first opinion, supra), in effect providing that after the will shall have been admitted to probate, she would, for a certain consideration, convey to the brothers and sisters of the decedent all of her right, title and interest, as devisee under her husband's will, in and to all the property owned by her testate husband at the time of his death; she also agreed to convey to one of said sisters all of her right, title and interest as legatee in and to the personal property of decedent "with the exception of the cash, bonds and other securities and *choses in action,* life insurance, wearing apparel and other personal effects." 248 Ala. 441, 28 So.2d 188. (Italics ours.) (The said $2529.04 is a chose in action.)

The first case, Olsson v. Nelson, supra, was a bill in equity by Theresa Olsson against Helena W. Nelson (not as executrix) and others for a construction and specific enforcement of the aforesaid contract. Appellant Brown was made a party defendant to the bill as a stakeholder of a certain sum ($1,000) received by him as attorney for Mrs. Nelson from certain rentals of real estate. As regards this stakeholder, the bill prayed: "That your Honors will order and decree that said sum of $1,000.00, held by respondent Leo M. Brown be paid to those entitled thereto under said contract."

In response to said allegation Brown answered, admitting possession of the said $1,000 as attorney, and averred that it was paid over to him by Mrs. Nelson with instructions to distribute the same in equal shares to the brothers and sisters of Louis M. Nelson, deceased, when the will was admitted to probate. Otherwise, he was not concerned in the litigation and took no part therein. The question of his attorney's fee for representing the estate had not then been presented to or considered by the court, nor did he represent any of the parties in this first case.

· The real issue litigated in the first case concerned the proper disposition of several different funds accruing from various properties of the estate, including the said $2529.04 paid into the registry of the circuit court as a balance due for the sale of decedent's Cedar Point Road property under a contract of sale executed by decedent and his wife prior to his death. It is this latter sum of money in the hands of ·the registry which is the subject of the instant proceedings.

The question for decision in the first case was to determine whether the various funds, including the $2529.04, were to be treated as real estate within the meaning and terms of the tripartite agreement between the sisters of Nelson and Mrs. Nelson, the former claiming that all of said funds were, under the contract in contemplation of the parties, treated as real estate. Mrs. Nelson, in answering the bill, among other things took the position that the Cedar Point Road property was a chose in action within the exception of the second clause of the tripartite agreement, which would give her the fund.

On a final hearing of this first case, the trial court adjudged that the aforesaid $2529.04 was personal property and belongs to the estate of Louis M. Nelson, deceased, and does not pass to the brothers and sisters of said Louis M. Nelson, deceased under the contract * * * and should be paid over to the duly qualified executrix of the estate. On appeal to this court, a different interpretation was placed on the contract to the effect, among other things, that the contracting parties treated the $2529.04

as real estate and that it was to be distributed as such *"to the surviving brothers and sisters of Louis M. Nelson in pursuance of said agreement."* Of consequence, we modified and affirmed the decree of the lower court.

Thereafter, the court awarded him the fee aforesaid for representing the trust and appellant promptly filed a petition in the lower court to intervene in this first case to assert his claim against the $2529.04, contending that the fund was personal property, primarily liable to be subjected to the demands of the estate for payment of debts and costs and expenses of administration. The trial court dismissed the petition and on appeal this court affirmed, observing, among other things: "The decree of this court rendered. in Olsson et al. v. Nelson, supra, was a final decree settling the rights of the parties as to the issues there litigated. After the decree of this court was entered, the case of Olsson et al. v. Nelson was not pending in the circuit court of Mobile County, in equity. The trial court correctly denied appellant's motion to intervene. * * *" 252 Ala. 672, 42 So.2d 620.

The italicized statement above in the first case and some of the expressions in the second case, as "one of the issues before the trial court was the question as to who was entitled to the sum of $2,529.04, which had been paid into the registry of the circuit court awaiting the decree of that court as to the proper method of distribution"; and, "the decree of this court * * * was a final decree settling the rights of the parties as to the issues there litigated" form the basis of the claim of res adjudicata against this appellant, Leo M. Brown. The contention is that although in the first case the executrix, Mrs. Nelson, was a party only in her individual capacity, she did claim the fund as executrix of the estate and this court, having denied the claim and ordering it distributed to the heirs, pronounced against such a theory and rendered the issue no longer litigable. Involved in this contention is the further argument that since Brown was also a party to the first litigation (only as a stakeholder, though), he is estopped to assert his claim

under the well-known rule that res adjudicata applies not only to matters the parties actually litigated, but to what they might and ought to have litigated in the case, the insistence being that Brown ought to have litigated his right to the fee in the first case. We cannot agree.

■ The fund in controversy is the proceeds of Mr. Nelson's executory contract, made in his lifetime, to convey real estate and in law is treated as personal property and should go to his personal representative, as such, for due administration and to be first committed to the payment of debts and costs and charges of administration. Flomerfelt v. Siglin, 155 Ala. 633, 47 So. 106; 55 Am.Jur. 785, § 359.

■ And we are apprised of no legal principle which could pronounce as valid a contract between the heirs or between the heirs and the devisee under a will, who later becomes executrix, whereby the due administration of such personal assets could be circumvented to the prejudice of the creditors for the payment of debts or to avoid the payment therefrom of the costs and expenses of administration. The administration of the trust must be executed in accordance with precepts of law and justice, and if such a contract should be made, equity could intervene to protect the rights of the court and the creditors.

■ We make this observation to illustrate the misconstruction which has been placed upon our two former opinions. The contract was one between the heirs and the devisee individually, and such contract could in no way have bound the estate to the prejudice of the creditors or to avoid the payment of the costs and expenses of administration. We find analogy in such authorities as Mazer v. City National Bank, 25 Ala.App. 372, 146 So. 885; Gilchrist v. Gilchrist, supra; Teal v. Chancellor, 117 Ala. 612, 23 So. 651; Jones v. Baswell, 246 Ala. 410, 20 So.2d 715; 21 C.J. 1184, § 187; 31 C.J.S., Estoppel, § 134.

The first suit, Olsson v. Nelson, in no way involved the rights of the creditors or the right to have the personal property of the estate administered for their protection, and, indeed, sought no distribution of any fund; and even though the question was drawn into the case by the pleadings of the executrix, it was not the intention of this court to commit the unheard of act of adjudicating the rights of creditors in that case or to relieve the personal estate from the first obligation of paying the costs and expenses of administration. The essential purpose of the first case, as stated, was to construe and enforce the tripartite contract, and though the $2529.04 was adjudged by this court as having been treated as real property by the parties to the contract and therefore to be distributed to the heirs as such, this finding in no way detracted from the preferential rights of the creditors to have the fund, as the remaining personal asset of the estate, administered to the payment of their proper claims or its liability to the payment of the costs and expenses of administration.

So considered, the contention that the first case was res adjudicata of the rights of the creditors to the said fund is not well taken.

Nor did we intend such by our observations in the second case. Our view in this latter case was that since the first case for construction of the contract and specific enforcement thereof had been concluded, there was no authority for Mr. Brown to intervene therein to have his fee ordered paid.

Similar rationale renders untenable the argument that the appellant is estopped to interpose the present proceeding because he should have litigated his right to the fee in the first case. The right to administer the personal assets of the estate was not a proper subject of controversy in the first case, the interpretation of how the property should be disposed of between the parties to the contract being the matter of inquiry, and appellant was drawn in merely as a stakeholder of some of that property. The decree allowing him a fee as a part of the costs had not then been entered or considered, and naturally he had no opportunity there to litigate the right to his fee, and after the rendition of the decree in the first case, when he endeavored to intervene, he was not permitted, since the first

case was ended, as was declared in the second case.

 Nor is he estopped to assert his claim because he prepared the contract between Helena W. Nelson, individually, and the heirs whereby she agreed to transfer the fund now involved. This contract was between individuals and necessarily did not and could not bind the estate to the prejudice of the creditors or to the right to have the costs paid. In fact, when the tripartite contract was made, Mrs. Nelson was not then executrix, the contract affirmatively showing that the will was to be later submitted to probate. The expenses, including attorney's fee in that proceeding, were necessarily contemplated and the bill makes the affirmative averment that at the time of the negotiation and execution of said contract, appellant Brown explained to all the contracting parties that the obligation undertaken by Mrs. Nelson in the contract was subject to the debts of the decedent, the rights of third parties, and the costs and expenses of administration. Taking these allegations to be true on demurrer, no ground appears by reason of his conduct in having negotiated and prepared the contract between the parties to estop him to claim his fee.

Likewise without merit is the suggestion in argument that there are other assets of the estate available to pay debts and the expenses of administration, since the bill alleges on information and belief that there are no other personal assets sufficient for this purpose.

We are at the conclusion that error prevailed in sustaining the demurrer to the bill and in refusing the injunction pendente lite. A decree, therefore, will be here rendered overruling the demurrer to the bill, remanding the cause, and ordering the issuance by the trial court of an injunction pendente lite, as prayed for in the bill of complaint, upon the plaintiff's entering into sufficient bond with proper surety.

Reversed, rendered, and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.