The plaintiff-appellant in this case is the father of defendant-appellee Buena W. Goodwin. Ike Goodwin is the plaintiff's son-in-law. The litigation involves an 81-acre farm located in Cleburne County.
On February 9, 1976, the plaintiff filed a complaint against his daughter and son-in-law in ejectment or alternatively seeking a sale for division of the land involved. In the first count, the plaintiff alleged that he claimed the right of possession of the land; in the second, he alleged that he and the defendants were joint owners of the land, that it could not be equitably divided and should be sold for division.
The defendants filed a motion to dismiss, which was overruled. The court set the matter down for a pretrial hearing; the defendants then filed a request for admissions to which the plaintiff responded. A pretrial conference was held and the plaintiff was allowed to file a statement of facts and memorandum of law. The defendants then filed a motion for summary judgment. The trial court granted this motion with the following order:
 "JUDGMENT "Plaintiff and defendants are residents of Georgia. Buena Goodwin is the daughter of Plaintiff. Plaintiff and his wife, now deceased, divorced in Georgia in January, 1948. In the judgment of divorce a property settlement contract was ratified by the Georgia Court in lieu of all alimony. In about December, 1954, almost seven years later, the parties remarried and were married at the time of the wife's death in 1967. The wife died testate. In fact, two wills were presented to the Georgia Court, one in favor of *Page 492 
the daughter (Defendant), and the plaintiff having him one also. The wills were litigated in Georgia; and the daughter's will was held to be the true and valid will of the deceased mother and wife. About the only disputed fact that could be presented to the Court would be whether the plaintiff and his wife cohabitated after their remarriage, and if so, how long. But this Court does not deem that an important issue as we hold that remarriage does not abrogate the property settlement entered into in the divorce in January, 1948, in Georgia.
 "The plaintiff has written himself a deed to this property in Alabama on a previous occasion, which was litigated by this Court, and which case plaintiff lost. Plaintiff has trespassed on this property, tried to live on it and use it as his farm or homeplace. This has been previously restrained by this Court, after hearing, and plaintiff was placed in the County Jail for Contempt of Court for violation of the injunction. Now plaintiff comes forth with the instant action, which is unique, but in opinion of the Court fails to state a claim under the Alabama Law; and the Court is of opinion it cannot be amended to state a claim valid under the law of this State.
 "It is, therefore, with hope of finality, ORDERED and ADJUDGED by the Court that this action be and it hereby is dismissed with costs to the plaintiff.
"DONE and ORDERED this 19th day of January, 1977.
 /s/ Robert M. Parker
Circuit Judge"
The plaintiff appealed and contends that the trial court erred in dismissing his complaint, because there is a genuine issue of material fact which requires a trial. We cannot agree.
It is apparent from the record before us that the parties to this litigation have litigated the title to the property involved here in a prior proceeding. In that litigation, Buena W. Goodwin was declared by the court to be the sole owner thereof in fee simple.
The plaintiff admits that his wife, defendant Buena Goodwin's mother, was given title to the property by a divorce decree rendered in 1948. He, in addition, executed a deed conveying the property to his former wife. He and his former wife remarried in 1954. His wife died in 1967 and left a will devising the property to defendant Buena Goodwin. Thereafter, the plaintiff took possession of the property and Buena Goodwin instituted proceedings in Cleburne County to establish title to the property under her mother's will. She was successful.
The plaintiff contends, however, that he should be allowed an opportunity to prove in this case that, by the remarriage, he and his wife intended to repudiate the prior divorce decree and deed and revest title in him.
We think the trial court correctly dismissed this action. The prior proceeding was specifically referred to in the defendants' motion to dismiss and motion for summary judgment, which the trial court treated as a Rule 12 (c), ARCP, motion. By agreement of counsel for both sides, the trial court record in that proceeding has been forwarded to this court pursuant to ARAP 10 (f). It is before us by agreement of counsel entered into pursuant to ARAP Rule 47. The prior litigation established fee simple title in defendant, Buena Goodwin. In the instant case, the plaintiff alleges that he is entitled to immediate possession or, alternatively, asks a sale for division between joint owners. The prior litigation forecloses a retrial of title to this property. It is true that the theory under which the plaintiff claims title has not been litigated between these parties before, but the plaintiff had an opportunity to advance the current theory in the prior litigation. He is, therefore, foreclosed by principles of res judicata at this stage. Brownv. Olsson, 254 Ala. 695, 49 So.2d 564 (1950).
Had there been no prior litigation between these parties establishing title in Buena Goodwin, the trial court properly dismissed the complaint because the theory *Page 493 
on which the plaintiff relies does not state a claim upon which relief may be granted. In Williams v. Williams, 261 Ala. 328,74 So.2d 582 (1954), this court held that remarriage, after a divorce which fixed property rights, did not abrogate the divorce decree and the parties' interest in property were as set forth in the divorce decree.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.