ALMON, Justice.
The appellant brought this action to establish an equitable mortgage on certain land owned by the estate of his deceased father, James W. Cooper, Sr. The circuit court granted summary judgment in favor of the estate.
The answer to the complaint and motion for summary judgment set forth the defense of res judicata, estoppel, laches and the ten-year statute of limitations.
The defense of res judicata is based upon a prior suit filed by James W. Cooper, Sr., against the appellant and James W. Cooper, Sr.’s other children. This prior suit involved title to the land here in question and was decided adversely to appellant. For a detailed statement of the facts and holding of the prior suit see, Cooper v. Cooper, 289 Ala. 263, 266 So.2d 871 (1972).
The appellant contends the trial court erred in granting summary judgment on the basis of res judicata.
“The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B & L Construction Co., 331 So.2d 257 (Ala. 1976).”
Russell v. Russell, 404 So.2d 662, 664 (Ala. 1981). The appellant argues that the cause of action in the two suits was different and therefore res judicata would not apply. Even though the prior suit dealt primarily with the dissolution of a partnership and the present litigation is characterized as a suit to establish an equitable mortgage, title to the same piece of real estate property is involved in both cases. The prior suit established title to the property in James W. Cooper, Sr. Even though the exact theory under which the appellant makes his claim may not have been actually litigated between the parties in the prior suit, appellant had every opportunity to advance any theory he wished in the prior litigation. *878 See, Waldrep v. Goodwin, 348 So.2d 491 (Ala. 1977), and Brown v. Olsson, 254 Ala. 695, 49 So.2d 564 (1950). Certainly, title to the land here involved was within the issue of an accounting between the partners because the property was a partnership asset.
The judgment of the circuit court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.