147 So. 625

## Ex parte WINN.

## 8 Div. 412.

Supreme Court of Alabama.

April 13, 1933.

Street & Bradford, of Guntersville, for petitioner.

D. Isbell, of Guntersville, for respondent.

GARDNER, Justice.

This petition for mandamus is based upon the theory that a nonresident contestant of a will offered for probate in the courts of this state cannot be required to give security for the costs, and that the provision of our statute (section 7249, Code 1923) for such security in "all suits at law or in equity, commenced by or for the use of a nonresident of this state," has no application to this character of litigation. But the case of Rainer v. McElroy, 20 Ala. 347, is conclusive against petitioner's contention.

It is insisted, however, what was there said is dictum, but it would seem the matter of statutory liability of the surety for the costs lay at the threshold of the case (Eslava v. Farley, 72 Ala. 214), and the court properly proceeded to a direct determination of that preliminary question.

In respect to the matter here pertinent, the statute there considered is in substance and effect the same as section 7249 of our present Code.

In the Rainer Case, supra, the court referred to the contestants as "actors in the proceeding," and we are in accord with the conclusion there reached that no sufficient reason has been assigned why such security for costs should not be required. The fact that in the contest proceedings (section 10625, Code 1923) contestant is called defendant is a mere matter of procedure. He has nevertheless "commenced" the litigation, and is subject to the taxation of costs, should the contest prove unsuccessful. Section 10632, Code 1923. And it is to be noted that section 1634, Code 1852, in force at the time of the rendition of the decision in the Rainer Case, supra, corresponds in all substantial respects with section 10625, Code 1923.

The ruling of the court in Ex parte Louisville & Nashville R. R. Co., 124 Ala. 547, 27 So. 239, that the statute requiring security for costs by a nonresident suitor was not violative of section 13 of our present Constitution (section 14, article 1 of Constitution of 1875), is equally applicable to section 10 of our Constitution, and needs no further discussion.

We conclude that both upon authority and

sound reasoning, as well, petitioner is not entitled to relief, and the mandamus will accordingly be here denied.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.