## KEITH & WILKINSON v. FORSYTHE.

### 2 Div. 29.

Supreme Court of Alabama.
Nov. 23, 1933.

556

Keith & Wilkinson, of Selma, in pro. per.

S. F. Hobbs, of Selma, for appellee.

FOSTER, Justice.

The will of Alex K. Cawthon, deceased, was admitted to probate. It is not set out in this record, but it does appear incidentally that Margaret C. Forsythe was named as executrix without bond, and letters were issued to her, said to be the daughter and only next of kin to testator.

Soon afterwards Charles A. Patterson filed a petition and alleged that he was the owner of a judgment which had been rendered against decedent, and that "he verily believes that his interest in said estate will be endangered for want of security." This was filed to invoke the benefit of section 5763, Code. He sought to have the executrix make bond and file inventory of the personal property of the estate. The petition was granted, and the executrix was required to and did make bond. Thereupon, appellants, Keith and Wilkinson, filed their petition, which is the basis of this appeal.

In it they allege that testator owned personalty worth about $25,000, and owes debts in excess of $3,000, which have been filed against his estate; that all the assets were of a negotiable character, and the interests of the creditors were endangered for want of security; that they were the attorneys for Charles A. Patterson who filed the petition to require the executrix to file inventory and give bond; that there was a contest of that petition; that thereby the interests of the creditors were safeguarded and protected; and that their services as attorneys inured to the benefit of said estate and the creditors. They therefore pray for the allowance of a fee under section 6261, Code. The executrix by her attorney demurred to the petition, assigning various grounds of demurrer.

The order of the probate court recites the opinion of that court, that the petition does not show a right under section 6261 of the Code, and that the petition should be disallowed, and thereupon the demurrer to the petition was sustained, but there was no order disallowing the petition, nor dismissing it. The status is that there has been no final decree on the petition, but it is still in fieri, subject to amendment and further proceeding and hearing until there is a final decree.

■■ An appeal is purely statutory, and the authority to appeal from the probate court to this court is found in sections 6078, 6114, and 6115, Code. In neither statute is provision made for an appeal from a( decree on demurrers to a petition filed in that court.

If the petition had been dismissed or the claims disallowed, the decree would have been appealable. Howard v. Howard, 26 Ala. 682; Weaver v. Cooper, 73 Ala. 318; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; Coker v. Coker, 208 Ala. 239, 94 So. 308; Carter v. Mitchell, 225 Ala. 287, 142 So. 514.

The right to appeal from such a decree in chancery (section 6079, Code) does not apply. Devane v. Smith, 216 Ala. 177, 112 So. 837.

557

We cannot therefore consider the appeal. Hayes v. Hayes, 192 Ala. 280, 68 So. 351.

Some circumstances, which we have held would make it peculiarly prejudicial not to require the making of an interlocutory order, have been considered sufficient to make its refusal subject to review by mandamus. Ex parte Green, 221 Ala. 298, 129 So. 72; Id., 221 Ala. 415, 129 So. 69; Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Davis v. McColloch, 191 Ala. 520, 67 So. 701; Graves v. Barganier, 223 Ala. 167, 134 So. 874.

But we have not extended that principle to the review of a judgment at law or decree of the probate court sustaining or overruling a demurrer to a petition. We do not think the exigencies of a trial so demand, so that we cannot review the decree of the probate court either by the appeal or the petition for mandamus.

But since the petition of appellants in the probate court is still undetermined by that court and may be prosecuted to final action, it may not be amiss to say that our opinion is not in accord with that expressed in the probate decree to the effect that section 6261, Code, does not apply.

We think that the administration of an estate in any court having jurisdiction is the administration of a trust as there described. We do not think that the trust estate there mentioned is that character of trust which the chancery court alone will administer. An administrator or executor is a trustee, and his administration of the estate of a decedent is that of a trust, it matters not in what court jurisdiction is proceeding. Randolph v. Vails, 180 Ala. 82, 60 So. 159; James v. James, 55 Ala. 525; Evans v. Evans, 200 Ala. 329, 76 So. 95; Nunn v. Nunn, 66 Ala. 35; 24 C. J. 48; Young v. Wall, 215 Ala. 131, 110 So. 135.

In respect to such matters the probate courts have original and general jurisdiction (section 9579, Code), and are often authorized to apply the rules and principles of equity, though without general equity powers. 15 C. J. 1014, 1015; McNeill v. McNeill, 36 Ala. 109, 76 Am. Dec. 320.

While the cases in which we have held that section 6261, Code, justifies the allowance of such fees may have been in equity, the jurisdiction in which the estate was administered was not intended to be controlling.

In our cases on that subject we did not mean to affirm that in every instance the requirement that the executor shall make bond and file inventory when relieved by the will is to the advantage of the estate; that is, to the common benefit of the interested parties generally. If it should appear from all the facts and circumstances that the other interested parties did not share in such benefits, or that there were no such parties whose interests needed security, the services rendered should be held to have been for the benefit of the client of the attorneys, and he alone should compensate them. Dent v. Foy, 214 Ala. 243, 107 So. 210; Coker v. Coker, 208 Ala. 239, 94 So. 308; Ex parte McLendon, 212 Ala. 403, 102 So. 696; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909; De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354; Graham v. Graham, 207 Ala. 648, 93 So. 660; Matthews v. Lytle, 220 Ala. 78, 124 So. 197.

The petition alleges in terms or substance that the services of the attorneys resulted in common benefit to the parties interested in the estate. That is therefore a question of fact, if denied, to be determined by the court.

Appeal dismissed.

Petition for mandamus denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.