247 So.2d 361

**Reba Turner CLARK**

v.

**William Orester CLARK et al.**

**4 Div. 345.**

Supreme Court of Alabama.

April 8, 1971.

Rehearing Denied May 6, 1971.

James M. Prestwood, Andalusia, for William Orester ᐧ Clark, Foster Quinton Clark, Readie Faye Miller and Wilma Birdie Mack.

Robert B. Albritton and Hiram J. Brogden, Jr., Andalusia, for J. B. Simmons as Executor of the estate of Bury Clark, deceased.

W. J. Williamson, Greenville, for appellant.

**44**

LAWSON, Justice.

Bury Clark, a resident of Covington County, died testate in October, 1963, survived by his widow, Reba Turner Clark, and by five children of a former marriage.

J. B. Simmons was nominated as executor by Bury Clark in his last will, dated January 10, 1961, to which a codicil was added on August 27, 1963. Letters testamentary were granted to Simmons by the Probate Court of Covington County on December 10, 1963, the day on which the will was admitted to probate.

Two of the children filed a bill in the Circuit Court of Covington County, in Equity, against the other children and against Mrs. Reba Turner Clark and J. B. Simmons, contesting the will dated January 10, 1961. In that bill as finally amended all five of the children were named as complainants and Mrs. Reba Turner Clark and J. B. Simmons, as executor under the will of Bury Clark, were the only respondents. In the bill as last amended the complainants therein challenged the validity of the will under date of January 10, 1961, on the ground of undue influence exerted over the testator by his wife, Reba Turner Clark, and on the further ground that the codicil dated August 27, 1963, revoked the

will dated January 10, 1961, and revived a prior will dated December 20, 1960. The will contest was docketed in the equity court as Case No. 6138.

There was a trial before a jury, which ended in a mistrial. On the next trial the jury returned a general verdict in favor of the contestants. The trial court rendered a final decree in accord with the jury verdict.

The respondents, Reba Turner Clark and J. B. Simmons, appealed to this court.— Clark et al. v. Clark et al., 280 Ala. 644, 197 So.2d 447. Our opinion in that case concludes:

"* * * It is our conclusion that the evidence is insuffficient to support the jury's conclusion on either issue submitted.

"Reversed and rendered. (see Little v. Little, 209 Ala. 651, 96 So. 928.)"

In the decree rendered here we reversed and annulled the "judgment" from which the appeal was taken and we dismissed the "bill of complaint filed by the contestants." The last paragraph of our decree reads:

"IT IS FURTHER ORDERED AND ADJUDGED that the appellees, William Orester Clark, Foster Quinton Clark, Ossie Lee Sasser, Readie Faye Miller and Wilma Birdie Mack, pay the costs accruing on said appeal in this Court and in the court below, *and all costs in the Circuit Court,* for which costs let execution issue." (Emphasis supplied)

After we had overruled the application for rehearing in Clark et al. v. Clark et al., *supra* [April 13, 1967], Mrs. Reba Turner Clark on May 15, 1967, filed in the Circuit Court of Covington County, in Equity, a "Motion for Reference and Taxing of Costs," wherein she asked, among other things, that the trial court order the Register to hold a reference to determine the amount of the attorneys' fees which should be allowed the executor for services rendered to him by the attorneys in his de-

fense of the will contest case. That motion also requested the trial court to tax the costs of the will contest case [Case No. 6138], including such attorneys' fees, against the contestants.

Action on that motion was continued by the trial court until date of final settlement of the estate of Bury Clark. The administration of that estate had been removed to the equity court, where it was docketed as Case No. 6299.

Thereafter J. B. Simmons, as executor, filed his report and petition for final settlement of his administration of the estate of Bury Clark, deceased. In his said petition the executor pointed out that the trial court had previously deferred all questions of attorneys' fees in the will contest case (Case No. 6138) until final settlement and averred that said attorneys' fees in the will contest case (Case No. 6138) should be taxed as court costs, which costs should be taxed against the interests of the contestants in the will contest case (Case No. 6138). In his said petition the executor also asked that the trial court set a reasonable attorneys' fee to be allowed his attorneys for their services in connection with the general administration of the estate.

The trial court did not order a reference, but proceeded to take evidence on several occasions on the matters set forth in the executor's petition for final settlement and all other matters pending for final settlement in Case No. 6299 and on the motion of Reba Turner Clark to tax the attorneys' fees incurred by the executor in the will contest case (Case No. 6138) to the contestants.

On December 13, 1968, the trial court rendered a joint decree covering both cases, that is, Case No. 6138 and Case No. 6299, which decree in pertinent parts reads as follows:

"It is the judgment of the Court that all of the expenses of the administration of the estate including attorney's fee both for the administration of the estate and for the executor's attorneys representing him on the contest of the will, which contest was tried in a separate lawsuit in case number 6138 in the Circuit Court of this County and including taxes and estate taxes and various other claims hereinafter mentioned should all be paid by the executor from the properties embraced within the terms of the residuary clause of the will of the testator, Bury Clark, and it is so Ordered and Adjudged by the Court.

\* \* \* \* \* \*

"The Court takes judicial notice of its own records and of the records of the Supreme Court of the State of Alabama and is aware that the Supreme Court of Alabama has decreed that the costs of the contest of the will in case number 6128 [sic] be taxed against the complainants in that cause and, it is, therefore, Considered, Ordered, Adjudged and Decreed by the Court that there is hereby affixed a lien against the distributive shares of William Orester Clark, Foster Quinten Clark, Ossie Lee Sasser, Readie Faye Miller, and Mrs. Birdie Mae Mack in favor of the Clerk of the Supreme Court and the Register of the Circuit Court in Equity of this County to the extent of all of the costs decreed by the Supreme Court of Alabama to be paid by each of the above-mentioned parties."

The trial court fixed the sum of $14,000 as the fee for the executor's attorneys for their services rendered in connection with the will contest case, that is, Case No. 6138, and fixed the sum of $3,500 as the fee for those attorneys for representing the executor in the administration of the estate of Bury Clark, deceased, Case No. 6299.

Mrs. Reba Turner Clark has appealed to this court from the decree of December 13, 1968, and has made eleven assignments of error.

Assignments of Error numbered 1 through 8 are all to the effect that the trial court erred in ordering the executor

to pay the attorneys who represented him in the defense of the will contest case (Case No. 6138) the sum of $14,000 "from the properties embraced with the terms of the residuary clause of the will of the testator, Bury Clark, * * *"

In so ordering, the trial court requires Mrs. Reba Turner Clark to defray the cost of paying the executor's attorneys for their services rendered in the will contest case, inasmuch as the "residuary clause" referred to in the trial court's decree is included in Item Sixth of the will and Mrs. Clark is the only person named therein to receive the residuary estate. That Item reads:

"Exclusive of some Savings Bonds, on the face of which I have clearly designated to whom they shall go, and exclusive of the stocks listed in Paragraph Fifth above, and the checking account dealt with in Paragraph Fourth above, I hereby give, devise and bequeath unto Reba Turner Clark, all the rest and residue of all the property, real, personal or mixed, that I may own at the time of my death, or in which I may own an interest at the time of my death."

We have heretofore observed that Mrs. Reba Turner Clark and the executor both took the position in their pleadings that the fees due the attorneys who represented the executor in the will contest case should be taxed as costs against the contestants in that case, the appellees here.

It is obvious that the trial court did not consider that such fees should be taxed against the contestants as costs, since it taxed the costs of the will contest case against contestants in accordance with our action in Clark v. Clark, *supra,* and yet ordered such fees to be paid by the executor out of the residuary estate.

Our action in taxing the costs against the contestants, the appellees, in Clark v. Clark, *supra,* was in keeping with the following language of § 59, Title 61, Code 1940: "The costs of any contest under the

provisions if this article must be paid by the party contesting, if he fails; * * *" Section 59, Title 61, *supra,* is a part of Article 3, Chapter 1, Title 61, Code, which authorizes the filing of a contest in equity under certain circumstances. It follows that there is no merit in appellees' contention that the provisions of § 59, Title 61, last quoted above, have no application to this case because said § 59, Title 61, Code, relates to will contests in a Probate Court." In Ex parte Winn, 226 Ala. 447, 147 So. 625, we held the provisions of § 10625, Code 1923, the progenitor of § 59, Title 61, Code, to be applicable to a will contest which the original transcript discloses was filed in the Probate Court of DeKalb County but was later transferred to the law side of the Circuit Court under the provisions of § 10636, Code 1923, now § 63, Title 61, Code, as amended. See Stanley v. Beck, 242 Ala. 574, 7 So.2d 276, where we referred to the provisions of § 59, Title 61, Code. An examination of the original transcripts in the cases of Stanley v. Sawyer, 237 Ala. 515, 187 So. 425, and Sawyer v. Stanley, 241 Ala. 39, 1 So.2d 21, shows that the will contest which was involved in Stanley v. Beck, *supra,* originated in the Probate Court of DeKalb County, but was tried in the DeKalb County Court, to which it was apparently transferred under the provisions of § 18, Act 179, approved July 22, 1927, Local Acts, 1927, p. 93. We can conceive of no logical reason why the provisions of § 59, Title 61, Code, should be applicable to will contest cases tried on the law side of the circuit court after transfer from the probate court and to such cases tried in inferior courts to which the contests are transferred, but not applicable to will contest cases filed originally in the circuit court, in equity, under the provisions of § 64, Title 61, *supra.*

The decree in Clark v. Clark, *supra,* taxing the costs against the appellees, the contestants, made no reference to attorneys' fees and it was not intended as a directive to the trial court to tax such fees as a part of the costs in the case. But, as previously

shown, the motion filed by Mrs. Reba Turner Clark in Case No. 6138 and the petition filed by the executor in Case No. 6299 both presented to the trial court the question as to whether the fees allowed the attorneys who represented the executor in the will contest (Case No. 6138) should be taxed against the contestants as a part of the costs in that case.

No statute of this state has come to our attention which expressly provides that such fees are to be taxed as a part of the costs, but § 63, Title 46, Code 1940, provides in pertinent part as follows:

> "In all suits and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust * * * the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, * * * or any party in the suit or proceeding, and is authorized to tax as a part of the costs in such suit or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court * * *"

[redacted] An executor is a trustee, and his administration of the estate of a decedent is that of a trustee.—Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. In the will contest suit (Case No. 6138) J. B. Simmons, in opposing the efforts of the contestants to invalidate the will, acted in his capacity as executor-trustee and hence the administration of a trust estate was involved in that suit within the meaning of § 63, Title 46, Code 1940. Under that section the trial court, in our opinion, had the authority to ascertain a reasonable attorneys' fee to be paid the attorneys who represented the executor in the will contest case and to tax such fee as a part of the costs in that case. . . .

We have said that the allowance of the attorney's fee under § 63, Title 46, *supra,* is on the basis of, and solely for, benefits inuring to the common estate and the tenants in common.—Pate v. Law, 277 Ala. 608, 173 So.2d 596, and cases cited. But careful reading of the opinion in the *Pate case* and other opinions containing similar statements indicates that the limitation to the effect that the benefits which accrue from the attorney's services must inure to the common estate is where the fee of the attorney is to be taxed against the common estate.

We do not have to decide in this case whether the services rendered to the executor in the will contest suit inured to the common estate within the meaning of § 63, Title 46, *supra,* for there was no effort to have the fee paid out of a common fund. As shown above, the insistence of Mrs. Reba Turner Clark and the executor was that the fee of the attorneys who represented the executor in the will contest suit should be taxed as costs against the contestants. As we have already indicated, we entertain the view that the trial court had the authority under § 63, Title 46, *supra,* to tax the attorneys' fee in question as costs. If this had been done, then it would follow that under the provisions of § 59, Title 61, *supra,* the fee would have to be taxed against the contestants, the appellees, who failed in their efforts to have the will of Bury Clark, deceased, invalidated. . . .

We do not want to be understood as even indicating that we do not think that an attorney who has represented an executor in establishing the validity of a will, which resulted in common benefit to the estate, is not entitled to a reasonable fee for his legal services, to be taxed under the provisions of § 63, Title 46, supra.—King v. Keith, 257 Ala. 463, 60 So.2d 47.

We have said that the allowance of an attorney's fee under § 63, Title 46, *supra,* is a matter of judicial determination and discretion of the trial court, subject to review by this court.—Latimer v. Milford,

241 Ala. 147, 1 So.2d 649; King v. Keith, *supra*.

■ After indulging all fair intendments in favor of the trial court's order requiring the fee allowed the attorneys who represented the executor in the will contest suit to be paid out of the residuary estate (Item Sixth of the will), we conclude that such order was unjust and unfair. Such conclusion is grounded primarily on the fact that it was the contestants who instituted the will contest suit, thereby creating the necessity for the executor to employ counsel to defend that suit, which this court concluded was altogether without merit.—Clark v. Clark, *supra*.

In view of the foregoing, we hold that the trial court erred in decreeing that the attorneys' fee allowed the attorneys who represented the executor in the will contest case be paid out of the residuary estate and in not taxing such fee against the contestants as costs in the will contest suit.

Counsel for appellant asserts in brief that the trial court erred in ordering $3,500 awarded to the attorneys for the executor for services rendered on the general administration of the estate, to be paid from the residuary estate, Item Sixth of the will. Counsel construes Assignment of Error No. 9 to charge error in that respect. We do not so construe that assignment. It is much too general to justify a consideration by this court of appellant's insistence relative to the trial court ordering the payment of the $3,500 fee from the residuary estate. No other assignment of error presents that contention.

■ Assignment of Error 10 asserts error on the part of the trial court in decreeing that the executor was not entitled to credit for the payment of ad valorem taxes on the land of the estate of Bury Clark, deceased, for the year 1967. Assignment of Error 11 is based on that part of the decree here under review which charged the executor with the sum of $1,410, the value which the trial court placed on certain farm equipment which the executor turned over to Mrs. Reba Turner Clark. The argument made in support of Assignments of Error 10 and 11 is hardly more than a restatement of the assignments. The argument is not sufficient to warrant a consideration of those assignments of error.

Counsel for the appellant, Mrs. Reba Turner Clark, asserts in brief:

"* * * the Trial Court could and should have allowed a reasonable attorney's fee to Mr. W. J. Williamson for his services rendered appellant Reba Turner Clark on her successful defense of the Will as a proponent along with the Executor. His services to the widow did inure to the common benefit of the estate of Bury Clark since it resulted in the successful defense and validation of his Will."

■ No such contention was asserted in the trial below. Perhaps because there was no such contention, there is no assignment of error raising that point. Consequently, we do not have before us any question concerning the right of Mr. Williamson to be paid for his services rendered to the appellant, Mrs. Reba Turner Clark.

The decree of the trial court is reversed and the cause is remanded to that court with directions that a decree be entered in accordance with this opinion.

Reversed and remanded with directions.

SIMPSON, MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.

BLOODWORTH, J., concurs specially.

HEFLIN, C. J., and COLEMAN, J., dissent.

BLOODWORTH, Justice (concurring specially).

I concur, understanding ·this holding ·to be limited to the proposition that an executor's attorney's fee incurred in successfully defending a will contest may be taxed as costs against the contestant in the trial court's discretion (subject to appellate review) when it is judicially ascertained that the contest is groundless.

HEFLIN, Chief Justice (dissenting).

The majority opinion avoids a harsh result to the widow under the present fact situation, but it establishes a precedent which, I fear, will bring about far reaching and dangerous results and overturns a settled principle of law. I therefore must respectfully dissent.

The majority base their holding in this case on what must be conceded to be a strained construction in pari materia of Section 63, Title 46, Code 1940, and Section 59, Title 61, Code, in order to tax the attorneys' fees of the Executor in the will contest case against the contestants.

Section 59, Title 61, supra, provides that "The costs of any contest under the provisions of this article must be paid by the party contesting, if he fails * * *." There is no reference in the statute to attorneys' fees being included in costs. To endeavor to reach their desired result, the majority finds it necessary to engraft to said Section 59, Title 61, supra, a section from the Code which appears in a different title, i. e., Section 63, Title 46, supra, which provides, inter alia:

"In all suits and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, * * * the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, * * * or any party in the suit or proceeding, and is authorized to tax as a part of. the costs in such suit or proceeding such reasonable attorney's fee. * * *"

Even then these statutes fail to properly intermesh, so it is necessary to resort to case law to find authority for the proposition that the administration of an estate is the administration of a trust, thereby finally establishing what the majority concludes is ample authority for its holding. See Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60.

There is the principle of law that in the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by the opposing side. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Bell v. Bell, 214 Ala. 573, 108 So. 375, 45 A.L.R. 935, 937; Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782; Pappas v. City of Eufaula, 282 Ala. 242, 210 So.2d 802.

Where authority for taxing attorneys' fees against the opposing party is allowed by statute, it is considered that such statutory authority is in derogation of the common law and in order for such fees to be allowed the case must be strictly within the statute and its provisions must be complied with in every respect. See 20 C.J.S. Costs § 218, pp. 455, 458, and cases cited thereunder. A statute in derogation of the common law will not be presumed to alter it further than is expressly declared. Cook v. Meyer Bros., 73 Ala. 580; Pappas v. City of Eufaula, supra. A statute which is in derogation of the common law must be strictly construed and should not be extended further than is required by the letter of the statute. Foster v. Martin, 286 Ala. 709, 246 So.2d 435 (decided by this Court on March 25, 1971). This common law mandate can hardly be followed through a strained construction engrafting one statute to another statute which still lacks any degree of cohesiveness until case law is used to glue them together.

The interwoven construction of Section 63, Title 46, supra, with Section 59, Title

61, supra, will mean that in every case in which attorneys' fees for the proponent of a will are allowed as part of the court costs in a will contest case (under Section 63, Title 46, supra) then it is mandatory that the contestant pay the same if the contestant fails in the will contest because of the language "must be paid" contained in Section 59 of Title 61, supra. Such merged construction of these statutes could mean that a losing contestant would have to pay his own attorneys' fees, the attorneys' fees of the proponent and face the real possibility in an equity will contest case of the imposition of attorneys' fees for multiple other parties for the language of Section 63, Title 46, supra, allows the court to assess attorneys' fees for any party in the proceedings. Section 65, Title 61, Code 1940 (one of the equity will contest statutes), requires that in such proceedings all parties interested in the probate of the will, such as devisees, legatees, heirs, distributees or next of kin, must be made parties to the proceedings.

The language of the majority opinion allows lower court judges to tax attorneys' fees as part of the court costs in all will contest cases, regardless of whether the contest originates in probate or equity. The only limitation upon the discretion of the judge will be the prospect of an appellate court reversing his action because of an abuse of discretion. That limiting prospect must hurdle the presumption in favor of such judge's action.

The intermeshing of these two statutes could have the effect of removing will contests from the rule of law as a practical matter. It would indeed be rare to find an informed individual who is willing to contest a will, regardless of how meritorious his grounds of contest might be, in view of the risk of the imposition of attorneys' fees for one or more of the opposing parties.

Alabama has been proud of the fact that we have low court costs in civil litigation. Inexpensive court costs allow every man to have his day in court and his disputes settled by the rule of law. However, such a strained linking construction of these statutes will mean that only the rich or the clairvoyant can run the risk of contesting a will.

I would affirm the action of the trial court in charging the attorneys' fees of $14,000.00 awarded the attorneys for the Executor in the will contest case to the residuary estate in accordance with the settled law of this state. Powell v. Labry, 210 Ala. 248, 97 So. 707.

COLEMAN, J., concurs.