280 So.2d 782

Edna Marie DUNN

v.

Robert D. DUNN.

Civ. 165.

Court of Civil Appeals of Alabama.

July 11, 1973.

John R. Barnes, Florence, for appellant.

John E. Higginbotham, Florence, for appellee.

WRIGHT, Presiding Judge.

This matter began by Edna Marie Dunn filing petition for divorce against Robert D. Dunn in the Circuit Court of Lauderdale County, In Equity, on November 6 and 7, 1972. Final decree was entered November 8, 1972 granting the divorce, together with lump sum alimony. Upon motion for rehearing, the decree was amended by granting additional amount of alimony in gross on December 19, 1972. Edna Marie Dunn filed notice of appeal on February 14, 1973. The appeal was submitted to this court on briefs on July 2, 1973.

Appellant, Edna Marie Dunn, filed fifteen assignments of error. Her argument in brief consists of the numerical listing of thirteen of the assignments of error, with the conclusion that appellant contends that the trial court erred in failing to grant appellant a greater sum of alimony and a reasonable attorney's fee.

It must be presumed that appellant contends the decree to be contrary to the evidence. However, there is no condensed recital of the testimony of any of the witnesses. The transcript of the evidence is 200 pages in length. Appellant's statement of facts in brief consists of one page, double spaced. There are listed 11 propositions of law. None of them are argued or related to the assignments of error. We will not comment upon the form or sub-

stance of the various assignments of error, other than to state that a general appraisal shows them to be largely insufficient under Rule 1, Supreme Court Rules.

Our perusal of appellant's brief shows conclusively that it fails to conform with Rules 1 and 9, Supreme Court Rules, and is thus totally insufficient to apprise this court of the basis of the appeal. Therefore, appellant presents nothing for the court's consideration. Beck v. Beck, 286 Ala. 692, 246 So.2d 420; Robison v. Robison, 280 Ala. 412, 194 So.2d 568; Allen v. Axford, 285 Ala. 251, 231 So.2d 122; Clark v. Clark, 287 Ala. 42, 247 So.2d 361; Mersereau v. Whitesburg Center, Inc., 47 Ala. App. 146, 251 So.2d 765.

For failure of appellant to comply with Supreme Court Rules 1 and 9 the decree below is

Affirmed.

BRADLEY and HOLMES, JJ., concur.