319 So.2d 273

**Jessie Louise McCORD**

v.

**Dennis E. STEPHENS et al.**

**SC 1065.**

Supreme Court of Alabama.

Sept. 25, 1975.

Rogers, Howard, Redden & Mills, Birmingham, for appellees.

Jesse W. Shotts, Birmingham, for appellant.

MADDOX, Justice.

The only error claimed is the trial judge's refusal to allow a wife to recover her attorney's fees and expenses out of her late husband's estate.

Walter Woodrow McCord, decedent, was shot and killed by his wife, the appellant, Jessie Louise McCord, on October 14, 1973, in Jefferson County, Alabama. Dennis E. Stephens, the Administrator, filed for letters of administration in the Probate Court of Jefferson County. Stephens is married to Judy McCord Stephens, the daughter of the decedent, who had waived her right of appointment in favor of him.

Stephens was appointed Administrator and submitted a bond. The administration of the estate was removed to the Circuit Court of Jefferson County upon the petition of Jessie Louise McCord, the widow, in April of 1974.

On September 17, 1974, Jesse W. Shotts and Jim Fincher, as attorneys of record for Jessie Louise McCord, filed in the Circuit Court a petition styled "Petition for Decree Pendente Lite Awarding Attorneys' Fees." Stephens filed an answer to the petition and the matter was heard on September 3, 1974. Following a hearing before the court, the petition was denied and this appeal was taken.

The controversy surrounds the sale of a sawmill and other property owned by the deceased. Stephens, as administrator, had petitioned the court for authority to sell the real and personal property. A private sale of the property was not confirmed by the trial court when the wife's attorneys objected to its confirmation. Appellant claims that the property which was later sold at a public sale brought some $21,500 more than the amount that was bid at the private sale. She asked for $1,500 attorneys' fees and $343 as expenses, saying that the efforts of her attorneys increased the size of the estate. It is not questioned that the property brought some $21,500 more at the subsequent public sale than it did at the private sale. The administrator says, however, that the offer of $77,500 for the purchase of the property at the private sale was for the purchase of only the real property upon which a lumber business was located and did not include certain other real property not used by the lumber mill. The other property was included and was subsequently sold in the public sale conducted by the register. The administrator averred in his answer to the petition for attorneys' fees that "due to a mistake of fact the property described in the said petition did include real property not utilized by the said lumber business, but that it was not his intention to sell the said property at private (sic) and it was not the intention of the prospective purchaser to purchase the said property." Inasmuch as the appellant has not filed a transcript of the evidence received at the hearing on the petition for attorneys' fees, we do not know what that evidence showed regarding their claim and the administrator's answer that he was mistaken.

The trial judge determined that counsel for Mrs. McCord was representing her interest and not representing the estate or the administrator. He concluded that under the circumstances, he would not award to them an attorneys' fee.

The appellant is correct in stating that in all suits and proceedings in the Probate Court and in Circuit Court and in other courts of like jurisdiction, where there is involved the sale of property for distribution, the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorneys' fee, to be paid to the attorneys or solicitors representing the common property, or any party to the suit or proceeding. *See Clark v. Clark*, 287 Ala. 42, 247 So.2d 361 (1971). The record filed on this appeal does not contain a transcript of the evidence taken at the hearing on the petition for attorneys' fees, and we cannot say, based on the record before us, that the trial judge abused his discretion.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.