This appeal from the Circuit Court of Jefferson County concerns a will contest initiated by Nell Bleidt, contestant of the will of Pete James Finnen, deceased. The party defendants are Carl Kantor (the executor) and Joseph G. Vath, Bishop of Birmingham in Alabama, a corporation sole, proponents of the will. The contest is based upon the allegations of undue influence in the execution of the will and forgery of the will. The jury returned a verdict in favor of proponents. The trial court awarded attorneys' fees to proponents and denied contestant's motion for a new trial.
Contestant raises two issues on appeal:
I. Whether the trial court erred in refusing to give certain jury instructions submitted by contestant on the issues of undue influence and forgery and in giving an instruction requested by proponents on the issue of undue influence.
II. Whether the trial court erred in awarding attorneys' fees to proponents.
 I.
The issue regarding the jury instructions was not properly preserved for our review. At the conclusion of the trial court's instruction to the jury, contestant offered general objections to the omission of each of her requested charges and to the giving of one of proponents' charges by reading those charges verbatim into the record.
Rule 51, ARCP, states:
 No party may assign as error the giving or failing to give a written instruction . . . unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . . [Emphasis added.]
The objections made by contestant in this case were not sufficiently specific (even if they can be viewed as objections). Contestant stated the matter to which she objected by reciting her charges; however, she offered no grounds for the objections. Rule 51 expressly requires that a party state the grounds for his objection and the failure to do so is fatal to appellate review. Burnett v. Martin, Ala., 405 So.2d 23
(1981). *Page 771 
We held in Gardner v. Dorsey, Ala., 331 So.2d 634 (1976), that the grounds requirement is excused only in the limited circumstance where the party makes a specific objection and the charge involves a misstatement of substantive law. Contestant claims that her objection to the giving of one of proponents' charges falls within the exception to Rule 51 as the charge involved a misstatement on the issue of undue influence. We disagree.
The charge in question reads as follows:
 I charge you that the mere fact that Carl Kantor was a friend of Mr. Finnen and did chores for him and assisted him as a good friend would do does not create a confidential relationship between Mr. Finnen and Mr. Kantor nor does it constitute a dominance by Mr. Kantor over Mr. Finnen. If you are reasonably satisfied from the evidence that Mr. Kantor was merely a good friend of Mr. Finnen but did not stand in a confidential relationship to him as to dominate the relationship, then you cannot find in favor of Mrs. Bleidt, the contestant of the will, on the issue of undue influence.
The general rule is that a presumption of undue influence arises when a person stands in a confidential relation to the testator, dominates the relationship and procures the execution of the will by undue activity. Nottage v. Jones, Ala.,388 So.2d 923 (1980). Contestant argues that the charge above states, in effect, that being a friend and doing chores for Finnen were unimportant in establishing a confidential relationship. We find, however, that the charge in question, in accord with the entire charge, merely emphasizes that friendship alone does not indicate undue influence. Not all influence with respect to the execution of a will is undue.Pruitt v. Pruitt, Ala., 343 So.2d 495 (1976). We hold, therefore, that the trial court did not misstate the law on undue influence, and on that issue the trial court's order is affirmed.
 II.
The trial court awarded $10,000.00 in attorneys' fees to proponents pursuant to Code of 1975, § 43-1-76, which provides, in part, that the costs of any will contest "must be paid by the party contesting if he fails." In so doing the record discloses that the trial court gave a literal interpretation to the language of the statute. The contestant agreed below and again before this Court that Clark v. Clark, 287 Ala. 42,247 So.2d 361 (1971), controls that issue. That case involved an allowance of attorneys' fees under Title 61, § 59, Alabama Code of 1940, the predecessor of Code of 1975, § 43-1-76. There this Court was dealing with a prior will contest which had been successful but which, upon review, was found to be based upon insufficient evidence. Clark v. Clark, 280 Ala. 644, 650,197 So.2d 447 (1967). In the later Clark case dealing with the award of attorneys' fees against the contestant as costs, this Court referred to the earlier Clark suit as "altogether without merit," or frivolous. Therefore, this Court held the trial court had erred in decreeing that the executor's attorneys be paid from the residuary estate "and in not taxing such fee against the contestants as costs in the will contest suit."Clark, supra, 287 Ala. 42, 48, 247 So.2d 361. In other words, this Court construed § 59 (now § 43-1-76) as authorizing attorneys' fees against the contestant who fails only when the contest is without merit. That is, if there is some credible evidence offered by the contestant in support of the theory of the contest, the contestant is not to be charged with paying the attorneys' fees of the proponent.
An examination of this record convinces us that this contest was not "altogether without merit." To the contrary, the contestant adduced credible evidence of undue influence and forgery. The proponents of the will produced evidence tending to show an absence of undue influence or forgery. The trial court properly allowed the jury to resolve the conflict created by the evidence of both sides, and the jury found for the proponents. But the mere fact that the contestant lost could not under § 43-1-76 and Clark, 287 Ala. 42, 247 So.2d 361
(1971), be used to charge the contestant with the *Page 772 
proponents' attorneys' fees as part of the costs.
Accordingly, that portion of the trial court's order charging the contestant with the proponents' attorneys' fees as costs is reversed and the cause is remanded with directions to enter an order not inconsistent with this opinion. It is so ordered.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.