L. CHARLES WRIGHT, Retired Appellate Judge.
In 1991 Edna Hughes Holley executed her last will and testament and four separate trust instruments. The trust instruments provided that Holley would be the beneficiary of the trusts during her lifetime and that at her death, each trust would revert to beneficiaries named by her at the time of execution.
Holley died in March 1992. In May 1992 Janet Cox, Holley’s daughter, filed an action contesting the last will and testament of her mother. Cox alleged that her mother lacked testamentary capacity when she executed the will and that Judith Hester, Cox’s sister, had exercised undue influence over her mother’s estate plan and had generally defrauded and suppressed material facts from her mother that directly affected her estate plan.
Cox subsequently filed an action seeking the rescission of the four trust instruments. The execution of the trust instruments was challenged on the same grounds as those asserted in the will contest. The trial court consolidated the actions.
Cox’s three sons, the beneficiaries of one of the trusts, were added as plaintiffs. Hester’s son, the beneficiary of one of the trusts, was added as a defendant.
During the course of the litigation, the Hesters moved for a summary judgment. The trial court denied the motion.
A two-week jury trial ensued. At the close of the Coxes’ case, and again at the close of *1382 all the evidence, the Hesters moved for a directed verdict. The trial court denied the motions and submitted the case to the jury. The jury returned a verdict in favor of the Hesters on the will contest. The jury returned an advisory verdict in favor of the Hesters on the rescission of the trusts issue. The trial court subsequently ordered that the will and the four trusts were valid legal instruments.
Following the jury verdict in their favor, the Hesters filed a motion for attorneys’ fees and litigation expenses to be taxed against the Coxes, individually, or from the Coxes’ share of the estate. The trial court denied the motion. The Hesters appeal. This case is before us pursuant to § 12-2-7(6), Code 1975.
The sole issue on appeal is whether the trial court erred in refusing to tax attorney fees against the Coxes.
The Hesters assert that under the facts of this case, § 34-3-60, Code 1975, mandates a recovery of attorney fees.
Section 34-3-60 provides, in pertinent part, the following:
“In all actions and proceedings ... where there is involved the administration of a trust, ... the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney’s fee, to be paid to the attorneys or solicitors representing the trust, ... and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney’s fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court....”
We find the Hesters’ reliance on § 34-3-60 to be misplaced. That section allows an award of attorney fees only for legal services that inure to the common benefit of all beneficiaries. Shirley v. Mazzone, 591 So.2d 469 (Ala.1991); Irons v. Le Sueur, 487 So.2d 1352 (Ala.1986). Section 34r-3-60 does not provide for an award of fees where the representation is adversarial in nature or where there is controversy as to the respective rights or interests of individual beneficiaries. Shirley.
In Alabama, attorney fees are to be awarded only if provided for by statute, contract, or special equity. Hart v. Jackson, 607 So.2d 161 (Ala.1992). Section 43-8-196, Code 1975, allows for the award of attorney fees against a contestant if the contestant fails in the will contest. In construing the predecessor to § 43-8-196, our supreme court held as follows: “[I]f there is some credible evidence offered by the contestant in support of the theory of the contest, the contestant is not to be charged with paying the attorneys’ fees of the proponent.” Bleidt v. Kantor, 412 So.2d 769 (Ala.1982).
In denying the Hesters’ request for attorneys’ fees, the trial court explained, “The Court does not find that the contest of the will and challenge to the validity of the trusts were altogether without merit or conducted in bad faith, or that proponents are otherwise legally or equitably entitled to attorneys’ fees.”
We find that the trial court’s denial of the Hesters’ motion for a summary judgment and its denial of both of their motions for a directed verdict support the trial court’s finding that the contest was not meritless or conducted in bad faith.
The Hesters failed to present any statutory or equitable basis upon which to rest their claim for attorneys’ fees. The judgment of the trial court is, therefore, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.